UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MERULLO on behalf of Himself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY,<br>Defendant. | Civil No. 1:22-cv-10410 |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, Defendant Amica Mutual Insurance Company ("Amica"), without waiving any defenses, gives notice of removal of this action from the Middlesex County Superior Court to the United States District Court for the District of Massachusetts.

### I.  PROCEDURAL HISTORY

Plaintiff Michael Merullo ("Plaintiff") filed the Complaint in the Middlesex County Superior Court on November 8, 2021.  Plaintiff filed an *ex parte* Motion for Enlargement of Time to Serve Defendant with Plaintiff's Complaint on February 1, 2022, which was granted by Judge Sarrouf on February 9, 2022.  The Complaint was served on Amica on February 18, 2022.

On March 7, 2022, Plaintiff filed his Amended Complaint alleging breach of contract, violations of M.G.L c. 93A, § 2, violations of M.G.L c. 93A and M.G.L. c. 176D, § 3(9)(c), violations of M.G.L c. 93A and M.G.L. c. 176D, § 3(9)(d), violations of M.G.L c.

2372900.v1

93A and M.G.L. c. 176D, § 3(9)(f), violations of M.G.L c. 93A and M.G.L. c. 176D, § 3(9)(n), and declaratory judgment.

## II.     BACKGROUND

This is an action where Plaintiff Michael Merullo alleges that Amica promised to pay Plaintiff and other putative class members inherent diminished value ("IDV") damages to their vehicles when Amica's insured's were found liable. Compl., ¶ 44. Plaintiff alleges that he, and other putative class members are third-party beneficiaries of the policies issued to Amica's insureds. Compl., ¶ 65. Plaintiff alleges that Amica did not pay IDV damages to Plaintiff or other putative class members in accordance with the terms of the policy of insurance. Compl., ¶ 67-68. Plaintiff claims that Amica's failure to pay IDV damages constitutes a breach of contract. Compl., ¶ 69. Plaintiff alleges that as a result of Amica's breach of contract, he and other putative class members have suffered damages, including all unpaid IDV damages, with interest. Compl., ¶ 71. Plaintiff also claims that Amica's actions were committed willfully, knowingly and/or in bad faith and that Amica has business policy and practice of not issuing payment for IDV damages. ¶ 73, 80. As such, Plaintiff alleges, on behalf of himself and other similarly situated individuals, that Amica has violated M.G.L c. 93A § 2 (Count II), M.G.L. c. 176D, § 3(9)(c) (Count III), M.G.L. c. 176D, § 3(9)(d) (Count IV), M.G.L. c. 176D, § 3(9)(f) (Count V), M.G.L. c. 176D, § 3(9)(n) (Count VI). Plaintiff further seeks declaratory judgment that IDV damages are covered under Part 4 of the Standard Massachusetts Automobile policy. Compl., ¶ 131, 133.

2372900.v1

### III. PROCEDURAL REQUIREMENTS

Amica has timely filed this notice of removal pursuant to 28 U.S.C. § 1332. This action is properly removed under 28 U.S.C. § 1441(a), as the District of Massachusetts embraces the Middlesex County Superior Court. A copy of the Summons, Complaint and Amended Complaint are attached as Exhibit 1. In accordance with 28 U.S.C. § 1446, Amica is serving a copy of this Notice of Removal on all parties and filing a copy of this Notice of Removal is being filed with the Middlesex County Superior Court. Additionally, pursuant to Local Rule 81.1, Amica will request, and file, certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, within 28 days of filing this Notice of Removal.

### IV. THE COURT HAS JURISDICTION OVER THIS ACTION

Under CAFA, the "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff Michael Merullo brought this action pursuant to Massachusetts Rule of Civil Procedure 23, on behalf of himself and other similarly situated individuals. Accordingly, Plaintiff has brought a class action in state court satisfying CAFA's statutory requirements.

#### A. Diversity Jurisdiction

Plaintiff Michael Merullo alleges in the complaint that he is a resident of Sommerville, Massachusetts. Compl., ¶ 1. Amica is a Rhode Island corporation. Compl.,

3

¶ 2. Accordingly, Amica is a "citizen" of Rhode Island. Thus, there is minimal diversity of citizenship as required under CAFA.

Mr. Merullo alleges that the class of similarly situated individuals who:

1. Suffered a property damage loss as a result of a[n] Amica Insured or Amica Insured vehicle driver;

2. Amica determined that its insured (or insured vehicle driver) was/were legally liable for the property damage loss to the claimant's automobile;

3. Amica has already paid the third-party property damage claim, either to the claimant, the repair shop or the subrogating insurer (or another person or entity);

4. The claimant vehicle suffered structural damage as a result of the collision, and/or the cost to repair the claimant vehicle was in an amount in excess of $500.00; and

5. Amica has not paid said claimant IDV damages associated with the subject loss.

<u>Excluded from the Class</u>: All individuals who presently have a civil action pending against Amica regarding the subject dispute (excepting the Plaintiffs) or who possessed a leased vehicle at the time of the subject collision.

Compl., ¶ 47. These Amica insureds are residents of Massachusetts and have a Massachusetts insurance policy with Amica. As such, Plaintiff's proposed class requires interpretation of a Massachusetts policy of insurance issued to a Massachusetts insured.

None of the exceptions under § 1332(d)(4) apply.

### B. **Putative Class Exceeds 100**

Plaintiff has not provided information about the size of the putative class other than to allege that the members "are so numerous that joinder of all members would be

impracticable." Id., at ¶ 48. Based on Plaintiff's proposed parameters, Amica reviewed the number of claims for property damage to a third-party motor vehicle in 2017-2021.[1] As noted in the chart below, the putative class well exceeds 100, as Amica had approximately 30,000 claims between 2017-2021, for property damage to a motor vehicle that did not result in a total loss to the third-party vehicle.

| Year | Number of Claims |
|---|---|
| 2017 | 9,812 |
| 2018 | 9,186 |
| 2019 | 8,570 |
| 2020[2] | 4,737 |
| 2021 | 4,913 |
| **Total** | **37,218** |

C. **Amount in Controversy**

Pursuant to § 1332(d), the amount in controversy must exceed $5,000,000, exclusive of costs and interests. Upon information and belief, the estimated amount in controversy exceeds the threshold amount. Plaintiff did not state an exact amount of

---

[1] Plaintiff has also not identified a temporal parameter for its class. However, Amica's insured, Rebecca Powell, was issued a 2016 version of the Massachusetts Standard Automobile Policy ("2016 Policy"), so for the purposes of determining the putative class members and the amount in controversy, without waiving its right to dispute the putative class, Amica looked to claims for property damage to a motor vehicle that did not result in a total loss in Massachusetts in 2017, 2018, 2019, 2020, and 2021, when claims would likely involve the same 2016 Policy.

[2] As a result of the global pandemic, car usage was much lower in 2020 and 2021, resulting in a lower number of claims.

2372900.v1

damages in the Complaint, but a removing party need only establish that there is a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount. Milford-Bennington R. Co., Inc. v. Pan Am Railways, Inc., 695 F.3d 175, 178-79 (1st Cir. 2012).

As noted in the chart above, there are 37,218 claims for property damage to a third-party motor vehicle in 2017-2021, which would require an average of $134.34 in unpaid IDV damages and interest per each putative class member to reach the $5,000,000 threshold.  This is a relatively low number in individual damages, because IDV damages can range from a several hundred dollars to several thousand dollars depending on the damage to the vehicle in the collision.  At the time of filing, Plaintiff alleged that the amount in controversy was $3,000,000, for the breach of contract claim alone.[3]  Plaintiff has since amended the Complaint to allege violations of M.G.L. 93A, which allows for recovery of multiple damages and attorney's fees. As such, Plaintiff's estimate would now be much higher taking c. 93A damages and potential multiple damages. See Baker v. Equity Residential Mgmt., L.L.C., 996 F. Supp. 2d 1, 7 (D. Mass. February 12, 2014); see also Sierra v. Progressive Direct Ins. Co., 2012 U.S. Dist. LEXIS

---

[3] Plaintiff's Civil Action Cover Sheet attached to the first complaint indicates that he is seeking $3,000,000.00 in damages on his behalf and on behalf of the proposed class. "The First Circuit has not spoken on whether or not the civil cover sheet may be considered, but there is an opinion in this District which holds that it can be." Baker v. Equity Residential Mgmt., L.L.C., 996 F. Supp. 2d 1, 5 (D. Mass. February 12, 2014) discussing Williams v. Litton Loan Servicing, 2011 U.S. Dist. LEXIS 90689, 2011 WL 3585528, at *6 (D. Mass. Aug. 15, 2011) ("[C]ivil action cover sheets may be considered in determining the amount in controversy." (Citation omitted)).

2372900.v1

140864, 2012 WL 4572923 (D. Mass Sept. 28, 2012); <u>Youtsey v. Avibank Mfg., Inc.</u>, 734 F. Supp. 2d 230, 238 (D. Mass. September 2, 2010).

Based on the foregoing, there is a reasonable probability that the amount in controversy exceeds $5,000,000. However, Amica maintains its right to dispute the definition and parameters of the putative class and whether a putative class member's automobile suffered inherent diminished value.

For the Defendant,
AMICA MUTUAL INSURANCE COMPANY
By their attorneys,

*/s/ Christopher M. Reilly*

---

Anthony Antonellis, BBO# 557964
Christopher M. Reilly, BBO# 674041
Sloane and Walsh, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA  02108
Telephone: (617) 523-6010
Facsimile: (617) 227-0927
aantonellis@sloanewalsh.com
creilly@sloanewalsh.com


Mara E. Finkelstein, BBO# 697166
Sloane and Walsh, LLP
148 Eastern Boulevard, Suite 105
Glastonbury, CT  06033
Tel: (860) 375-1877
Facsimile: (860) 430-6999
mfinkelstein@sloanewalsh.com

DATE: March 17, 2022

2372900.v1

## **CERTIFICATE OF SERVICE**

I, Christopher M. Reilly, Esq., do hereby certify that on this 17th day of March 2022, I caused the foregoing document to be filed via the ECF filing system copies of which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via email to those indicated as non-registered participants:

*Plaintiff's Counsel:*
Kevin J. McCullough, Esq., BBO# 644480
Michael C. Forrest, Esq.
Forrest, Mazow, McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA  01970
kmccullough@forrestlamothe.com
mforrest@forrestlamothe.com

        */s/ Christopher M. Reilly*
        _____
        Christopher M. Reilly

2372900.v1