**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**Woburn**

### Civil Docket#2181CV03728

I, Arthur Johns, Deputy Assistant Clerk of the Superior Court, Within and for said County

of Middlesex, do certify that the annexed papers are true copies made by photographic process of

pleadings in **2181CV03728** entered in the Superior Court on the **8th** day of **November** in the

year of our Lord 2021.

In testimony whereof, I hereunto set my hand and affix seal of said Middlesex Superior Court at

Woburn in said county, this **18th** day **of March**, in the year of our Lord **Two Thousand**

**Twenty-Two.**



Arthur Johns
Deputy Assistant Clerk

H

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No. 2181-CV-003728

B

MICHAEL MERULLO on behalf of
himself and all others similarly situated,

    Plaintiff,

    v.

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.



FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

MAR 10 2022

CLERK

## PLAINTIFF'S FIRST AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Merullo ("Merullo" or "Plaintiff"), hereby brings this action on behalf of himself and all others similarly situated against Defendant, Amica Mutual Insurance Company (hereafter "Amica" or "Defendant") to recover damages for himself and the Class, as defined herein, arising from Amica's willful, knowing, and unlawful practice of refusing (and failing) to tender amounts owed to third-party claimants in consideration for the diminution in value their automobiles suffered as a result of Amica's insured's negligence.

## THE PARTIES

1.  Plaintiff, Michael Merullo, is a resident of Sommerville, Massachusetts.

2.  Amica Mutual Insurance Company is a foreign corporation registered in the State of Rhode Island with a registered agent located in Boston, Massachusetts. Defendant, Amica Mutual Insurance Company, is an insurance company in the business of providing professional and personal insurance to consumers throughout Massachusetts.

## Jurisdiction and Venue

3. This Court has personal jurisdiction over Amica by virtue of its transactions, marketing, advertising, and/or conducting trade/business throughout the Commonwealth at all times relevant hereto.

4. Upon information and belief, this Court has jurisdiction over the claims contained herein as they relate to Merullo and the putative class because the claims for damages exceed fifty-thousand dollars ($50,000.00).

5. Venue in this matter is proper as Amica conducts business throughout Middlesex County Massachusetts, and further, because Merullo's underlying claim arose from property damage sustained to his vehicle in Cambridge, MA.

## Factual Allegations

6. On May 29, 2020, Merullo's 2020 ACURA RDX/AWD was involved in an accident involving an Amica insured ("Subject Collision").

7. The Subject Collision caused Merullo's Vehicle to sustain property damage.

8. At the time of the Subject Collision, Amica's insured was insured under a Massachusetts Standard Auto Policy, which included indemnity benefits available to pay for third-party property damage.

9. Merullo made a demand for payment to Amica in relation to his property damage claim for Inherent Diminution in Value ("IDV").

10. Merullo provided all information necessary for Amica to fully adjust his property damage claim.

11. Merullo submitted to Amica all information necessary for Amica to fully adjust Merullo's property damage claim, including evidence for the diminished value of his vehicle.

12. Amica possessed all information necessary to adjust the IDV portion of Merullo's IDV claim.

13. Amica determined that its insured was liable for the damage to Merullo's vehicle.

14. Merullo's car was appraised by his first party insurance carrier, Travelers Insurance.

15. Merullo cooperated with and complied with all requests made by Amica in connection with the claim.

16. Amica collected, retained, and stored all information necessary to fully adjust Merullo's property damage claim.

17. Amica refused to adjust the IDV aspect of Merullo's property damage claim.

18. Amica refused to provide any consideration for the IDV Merullo's vehicle suffered as a result of the Subject Collision.

19. As a result of the Subject Collision, Merullo's Vehicle is now worth less than a comparable vehicle that has not suffered such damage from a collision.

20. Amica was required to tender/pay Merullo for all property damage to Merullo's Vehicle as a result of its insured's liability, including consideration for IDV.

21. Amica was required to tender/pay, on behalf of its insured, all sums the insured would become legally obligated to tender/pay as damages for destruction of property, including IDV, caused by the Subject Collision.

22. Massachusetts statutory and/or regulatory law required that Amica to tender/pay Merullo an equitable amount in consideration for the inherent diminished value his vehicle sustained as a result of the Seaver Subject Collision.

23. The Standard Massachusetts Automobile Policy ("Policy") requires that Amica tender/pay Merullo an equitable amount in consideration for the IDV his vehicle sustained as a result of the Subject Collision.

24. Massachusetts common-law requires that Amica tender/pay Merullo an equitable amount in consideration for the IDV his vehicle sustained as a result of the Subject Collision.

3

25. On June 8, 2020, Amica informed Merullo that it was refusing to provide him any consideration for the IDV his vehicle suffered.

26. On or about February 7, 2022, Merullo forwarded the requisite class-wide M.G.L. c. 93A demand to Amica demanding consideration for Merullo's and the Class Member's remaining IDV damages.

27. On or about February 25, 2022, Amica responded to Merullo's class-wide M.G.L. c. 93A, § 9(3) demand in an unreasonable manner.

28. On or about February 25, 2022, Amica responded to Merullo's class-wide M.G.L. c. 93A, § 9(3) contending that despite the McGilloway decision, IDV damages are not covered under Part 4 of the 2016 iteration Standard Massachusetts Automobile Policy.

29. Amica's M.G.L. c. 93A, § 9(3) demand response was unreasonable.

### GENERAL FACTS

30. A vehicle that has been involved in a collision and has suffered damage (even if subsequently repaired) is worth less in the resale market than a comparable vehicle that has not suffered such damage, this is known as IDV or diminution in value.

31. IDV is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision, even assuming full repair.

32. IDV is a recoverable damage available for third-party claimants in Massachusetts.

33. IDV is a recognized damage recoverable by third-party tort victims in Massachusetts.

34. The Massachusetts Supreme Court has recognized that Part 4 of the Standard Massachusetts Automobile Policy affords coverage for third-party IDV losses.

35. Amica is required to pay Merullo damages for the IDV to his vehicle.

36. Amica purposefully concealed the IDV damage from Merullo.

37. Amica purposefully refused to pay Merullo an equitable amount in consideration for the IDV his vehicle sustained despite its reasonably clear liability to make payments for the same.

38. Amica violated Massachusetts law by failing to adjust Merullo's claim and refusing tender an equitable amount in consideration for the IDV to Merullo's vehicle.

39. Amica violated Massachusetts law by failing to investigate Merullo's claim, and thereafter, tender an equitable amount in consideration for the IDV to Merullo's vehicle.

40. Amica violated the terms of the Policy issued to its insured by failing to determine and tender an equitable amount in consideration for the IDV to Merullo's vehicle.

41. Amica's acts and omissions as outlined herein were committed willfully, knowingly, and/or in bad faith.

42. Upon information and belief, Amica has engaged in substantially similar violations of Massachusetts law as described herein with respect to numerous similarly situated third-party claimants.

43. Amica has engaged in substantially similar violations as described herein with respect to numerous similarly situated individuals.

44. Amica fails to pay/tender to third-party claimants' IDV damages even after it determines that its insured is liable for damages to the vehicle of the third-party claimant.

45. Merullo and other similarly situated individuals have been harmed and damaged by Amica's claims settlement practices as described herein, including but not limited to not receiving consideration owed to third-party claimants for the IDV to their vehicles (with interest thereon).

## CLASS ALLEGATIONS

46. Merullo, on behalf of himself and others similarly situated, brings this action as a class action in accordance with Massachusetts Rule of Civil Procedure 23 and M.G.L. c. 93A.

47. Merullo and the Class shall be defined as:

All individual claimants who:

1. Suffered a property damage loss as a result of a Amica Insured or Amica Insured vehicle driver;

2. Amica determined that its insured (or insured vehicle driver) was/were legally liable for the property damage loss to the claimant's automobile;

3. Amica has already paid the third-party property damage claim, either to the claimant, the repair shop or subrogating insurer (or other person or entity);

4. The claimant vehicle suffered structural damage as a result of the collision, and/or the cost to repair the claimant vehicle was in an amount in excess of $500.00; and

5. Amica has not paid said claimant IDV damages associated with the subject loss.

Excluded from the Class: All individuals who presently have a civil action pending against Amica regarding the subject dispute (excepting the Plaintiffs) or who possessed a leased vehicle at the time of the subject collision.

48. The members of the Class are so numerous that joinder of all members would be impracticable.

49. Upon information and belief, Amica has adjusted hundreds of third-party property damage claims wherein it failed/refused to provide consideration for the IDV the third-party claimant's vehicle suffered.

50. Merullo's claims are typical of the claims of other members of the Class, as all members of the Class have been similarly affected by Amica's similar failure to tender an equitable amount in consideration for IDV damages on the third-party claimant's property damage claims.

51. Merullo will fairly and adequately protect the interests of the Class and is represented by counsel experienced in complex class action litigation.

52. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class Members. Common questions of law and fact include:

A. Whether Merullo and the Class are entitled to consideration for the IDV damages as part of their respective third-party claims;

6

B. Whether Amica's failure to tender and/or pay consideration for the IDV damages on third-party claims constitutes a violation of Massachusetts statutory law, and if so whether such acts were committed willfully and/or knowingly;

C. Whether Amica's failure to tender and/or pay consideration for the IDV damages to third-party property damage claimants violates its duties under Part 4 of the terms of the Standard Massachusetts Automobile Policies issued to its insureds;

D. Whether Amica's failure to tender and/or pay an equitable amount in consideration for the IDV damages to third-party property damage claimants violates other Massachusetts Statutory and/or regulatory law;

E. Whether Amica's failure to tender and/or pay an equitable amount in consideration for the IDV damages to third-party property damage claimants violates M.G.L. c. 93A, § 2; and/or M.G.L. c. 176D, et seq.

F. What is the applicable statute of limitations to be determined on any or all of the successful causes of action;

G. Whether Amica should be permanently enjoined from continuing the practice which is the subject matter of this civil action; and

H. Whether Merullo and/or the Class members are entitled to damages, and if so the proper measure of damages.

53. A class action is the superior method of adjudication of the subject claims.

54. The members of the Class are readily ascertainable, as Amica collects, maintains and stores all information related to third-party property damage claims.

55. A class action will cause an orderly and expeditious administration of the claims of the Class.

56. A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

## COUNT I
## BREACH OF CONTRACT

57. Merullo and the Class repeat and re-allege the allegations set forth above.

58. The insurance policies issued by Amica to its insureds, constitute an enforceable contract.

59. The insurance policies issued by Amica to its other insureds (against whom Class members made property-damage claims) constitute enforceable contracts.

60. Part 4 of the policies of insurance issued to insureds whom Merullo and Class members made property-damage claims required that Amica pay IDV damages in the event Amica's insured as deemed liable for the subject claim.

61. Amica's insurance policies included a promise to pay Merullo and Class Members amounts that a third-party claimant would be legally entitled to collect, when Amica's insureds are found to be liable.

62. IDV damages are a damage that Merullo and other Class Members were legally entitled to collect from Amica, when Amica's insureds were found to be liable for the subject collisions.

63. Amica's insurance policies included a promise to pay Merullo and Class Members all amounts that a third-party claimant would be legally entitled to collect, which includes IDV damages, when Amica's insureds are found to be liable.

64. Amica accepted its liability to make payments under Part 4 of its insured contracts by making partial payments under the same provision to Merullo and Class Members.

65. Amica has only provided partial performance under Part 4 of the terms of its standard Massachusetts Automobile Policy to Merullo and Class Members.

66. Merullo and Class Members are intended third-party beneficiaries of the insurance policies issued by Amica to its insureds (against whom Class members made property-damage claims).

67. Amica is/was required to pay consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds.

68. Amica did not pay equitable consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds.

69. Amica's refusal to provide complete performance constitutes a breach of contract.

70. Amica's failure to pay equitable consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds constituted breach(es) of contract.

71. Merullo and Class Members have suffered damages as a result of Amica's breach(es) of contract, including, but not necessarily limited to, all unpaid IDV damages, with interest thereon.

**WHEREFORE**, Merullo and Class Members respectfully request that this Court enter Judgment against Amica for its breach(es) of contract and award damages to adequately compensate Merullo and the Class.

## COUNT II
### VIOLATIONS OF M.G.L. C. 93A, § 2

72. Merullo repeats and re-allege the allegations set forth above.

73. Merullo alleges that the acts and omissions of Amica, as set forth herein, were committed willfully, knowingly and/or in bad faith.

74. Amica was required to pay Merullo damages for the inherent diminution in value to his vehicle as a result of the subject collision.

75. Amica purposefully concealed the inherent diminution in value damage from Merullo.

76. Amica purposefully refused to pay Merullo inherent diminution in value despite its reasonably clear liability to make payments for the same under Part 4 of its insured policies.

77. Amica failed to tender/pay Merullo the inherent diminution in value his vehicle suffered.

78. Amica has acted in a similar manner with respect to numerous other Class Members.

79. Amica failed to tender/pay other Class Members for inherent diminution in value to their vehicles.

80. Amica has a business policy and practice of not mentioning this component of damages to third party claimants when adjusting third-party property damage claims.

81. Failing to adjust inherent diminution in value damages to third-party damage claimants, as set forth herein, is an unfair and deceptive practice.

82. Failing to tender inherent diminution in value damages to third-party damage claimants, as set forth herein, is an unfair and deceptive practice.

83. Failing to adjust inherent diminution in value damages to third-party damage claimants, in accordance with the requirements of the standard auto policy is an unfair and deceptive practice.

84. Failing to tender inherent diminution in value damages to third-party damage claimants, in accordance with the requirements of the standard auto policy is an unfair and deceptive practice.

85. As a result of Amica's failure to determine, and tender, diminution in value damages in connection with their third-party property damage claims, Merullo and Class Members have been damaged.

86. As a result of Amica's failure to determine, and tender, inherent diminution in value damages in connection with their third-party property damage claims, Merullo and Class Members have suffered damages, including but not limited to, the unpaid inherent diminution in value of their vehicles, with interest thereon.

**WHEREFORE,** Merullo respectfully requests that this Court enter Judgment against Amica for its violations of M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

## COUNT III
### VIOLATIONS OF M.G.L. C. 93A
### (FOR VIOLATIONS OF M.G.L. C. 176D, § 3(9)(C))

87. Merullo repeats and re-allege the allegations set forth above.

88. Pursuant to M.G.L. c. 176D, § 3(9)(c), Amica was required, *inter alia*, to adopt and implement reasonable standards for the prompt investigation of claims arising under its insurance policies.

89. Amica failed to adopt and implement reasonable standards for the prompt investigation of all aspects of third-party property damages claims, including but not limited, assessing Merullo and Class Member's respective inherent diminution in value damage.

90. By failing to adopt and implement reasonable standards for the prompt investigation of all aspects of Merullo's property damage claim, including the inherent diminution in value of his vehicle, Amica failed to tender/pay other Merullo the inherent diminution in value of his vehicle had suffered.

91. By failing to adopt and implement reasonable standards for the prompt investigation of all aspects of other Class Member's respective property damage claims, including the inherent diminution in value of their vehicles, Amica failed to tender/pay other Class Members the inherent diminution in value their vehicles had suffered.

92. Amica's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(c).

93. A violation of M.G.L. c. 176D, § 3(9)(c) is a violation of M.G.L. c. 93A, § 2.

94. Amica's acts and practices as described herein were committed willfully, knowingly and/or in bad faith.

95. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have been damaged.

96. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have suffered damages, including but not limited to, the unpaid inherent diminution in value of their vehicles, with interest thereon.

**WHEREFORE,** Merullo respectfully requests that this Court enter Judgment against Amica for its violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

### COUNT IV
### VIOLATIONS OF M.G.L. c. 93A
### (For Violations of M.G.L. c. 176D, § 3(9)(d))

97. Merullo repeats and re-allege the allegations set forth above.

98. Merullo alleges that the acts and omissions of Amica, as set forth herein, were committed willfully, knowingly and/or in bad faith.

99. Pursuant to M.G.L. c. 176D, § 3(9)(d), Amica was not permitted to, *inter alia*, fail and/or refuse to pay a claim without conducting a reasonable investigation based upon all available information.

100. Pursuant to M.G.L. c. 176D, § 3(9)(d), Amica was not permitted to, *inter alia*, fail and/or refuse to pay Merullo and Class Members third-party property damage claims, including inherent diminution in value damages, without conducting a reasonable investigation based upon all available information.

101. Amica did not conduct a reasonable investigation based upon all available information with respect to Merullo's inherent diminution in value damages before refusing and failing to pay the inherent diminution in value damages with respect to his third-party property damage claim.

102. Amica did not conduct a reasonable investigation based upon all available information with respect to Class Member's respective inherent diminution in value damages before refusing and failing to pay the inherent diminution in value damages with respect to their third-party property damage claims.

103. Amica's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(d).

104. A violation of M.G.L. c. 176D, § 3(9)(d) is a violation of M.G.L. c. 93A, § 2.

105. Amica's acts and practices as described herein were committed willfully, knowingly and/or in bad faith.

106. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have been damaged.

107. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have suffered damages, including but not limited to, the unpaid inherent diminution in value of their vehicles, with interest thereon.

WHEREFORE, Merullo respectfully requests that this Court enter Judgment against Amica for its violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

## COUNT V
## VIOLATIONS OF M.G.L. c. 93A
### (For Violations of M.G.L. c. 176D, § 3(9)(f)).

108. Merullo repeats and re-allege the allegations set forth above.

109. Merullo alleges that the acts and omissions of Amica, as set forth herein, were committed willfully, knowingly, and/or in bad faith.

110. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision and repair.

111. Amica's liability to pay Merullo and Class Members inherent diminution in value damages as part of their respective third-party property damage claims was reasonably clear.

112. M.G.L. c. 176D, § 3(9)(f) mandates that an insurance company must effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

113. Amica failed to effectuate a prompt, fair, and equitable settlement of inherent diminution in value damages for Merullo's claim, in which liability was reasonably clear.

114. Amica failed to effectuate a prompt, fair, and equitable settlement of inherent diminution in value damages for Class Member's claims, in which liability was reasonably clear.

115. Amica's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(f).

116. A violation of M.G.L. c. 176D, § 3(9)(f) is a violation of M.G.L. c. 93A, § 2.

117. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have been damaged.

118. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have suffered damages, including but not limited to, the unpaid inherent diminution in value of their vehicles, with interest thereon.

WHEREFORE, Merullo respectfully requests that this Court enter Judgment against Amica for its violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

## COUNT VI
## VIOLATIONS OF M.G.L. c. 93A
### (For Violations of M.G.L. c. 176D, § 3(9)(n))

119. Merullo repeats and re-allege the allegations set forth above.

120. Merullo alleges that the acts and omissions of Amica, as set forth herein, were committed willfully, knowingly and/or in bad faith.

121. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision and repair.

122. Amica's liability to pay Merullo and Class Members inherent diminution in value damages as part of their respective third-party property damage claims was reasonably clear.

123. M.G.L. c. 176D, § 3(9)(n) states that it is an unfair claim settlement practice to fail "to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement."

124. Amica refused and/or failed to offer Merullo inherent diminution in value damages in connection with his third-party property damage claim without providing any explanation for the basis in the insurance policy in relation to the facts or applicable law for its offer of a compromised settlement.

125. Amica refused and/or failed to offer Class Members inherent diminution in value damages in connection with their third-party property damage claims without providing any explanation for the basis in the insurance policy in relation to the facts or applicable law for its offer of a compromised settlement.

126. Amica's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(n).

127. A violation of M.G.L. c. 176D, § 3(9)(n) is a violation of M.G.L. c. 93A, § 2.

128. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have been damaged.

129. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have suffered damages, including but not limited to, the unpaid inherent diminution in value of their vehicles, with interest thereon.

**WHEREFORE,** Merullo respectfully requests that this Court enter Judgment against Amica for its violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

## COUNT VII
## DECLARATORY JUDGMENT

130. Merullo and the Class repeat and re-allege the allegations set forth above.

131. There exists an actual controversy as to whether Amica, pursuant to Massachusetts statutory, common law, and/or under the terms of its insurance policies, is required to include an equitable amount in consideration for the inherent diminished value damages when it tenders and/or pays third-party property damage claims under Part 4 of the Standard Massachusetts Automobile policy.

132. Merullo and the Class are entitled to a declaration as to what monies Amica is required to pay third-party claimants when its insured has been determined to be liable for the associated third-party property damage.

133. Merullo and the Class are entitled to a declaration that all inherent diminished value damages should be, and are required to be, paid and/or tendered to third-party claimants when Amica's insured has been determined to be liable for the associated third-party property damage.

**WHEREFORE,** Merullo and Class Members demand that this Honorable Court declare that Massachusetts law and the applicable provisions of the policies of insurance issued to its insureds required that Amica include in any and all tenders and/or payments to third-party claimants an equitable amount in consideration for the inherent diminished value damages as set forth herein.

## PRAYERS FOR RELIEF

**WHEREFORE,** Merullo, on behalf of himself and all others similarly situated, demands judgment against Amica as follows:

16

A. An order determining that this action is a proper class action and certifying Merullo as representative of the putative class;

B. An order appointing Merullo's counsel as legal representatives of the putative class in this action;

C. An order determining that the acts of Amica as described herein constituted breaches of contract;

D. An order determining that the acts of Amica as described herein constituted violations of M.G.L. c. 93A, § 2 and M.G.L. c. 176D, et seq. with resulting injury.

E. An order awarding Merullo and the Class damages, together with interest, costs, and reasonable attorneys' fees;

F. An order determining the appropriate statute of limitations applicable to this action;

G. An order permanently enjoining Amica from continuing the unlawful practice which is the subject matter of this action;

H. An order awarding Merullo an appropriate stipend for acting as class representative; and

I. An order awarding Merullo and the Class any further relief as may be just and appropriate.

## JURY DEMAND

Merullo, on behalf of himself and all others similarly situated, hereby demands trial by jury on all counts of this Complaint, which are triable by a jury.

Respectfully submitted,
Plaintiff, by his attorneys,

/s/ *Kevin J. McCullough*

_____
Kevin J. McCullough, Esq.  (BBO# 644480)
kmccullough@forrestlamothe.com
Michael C. Forrest, Esq. (BBO# 681401)
mforrest@forrestlamothe.com
Forrest, Mazow, McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
617-231-7829

DATED:  March 7, 2022

17

**MIDDLESEX, SS.**  *Commonwealth of Massachusetts*
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this Eighteenth day of March, 2022.

**Deputy Assistant Clerk**



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Public Docket Report**

**2181CV03728 Michael Merullo on behalf of Himself and all others similary situated vs. Amica Mutual Insurance Company**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 11/08/2021 |
| **ACTION CODE:** | A99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Contract Action | | |
| **CASE DISPOSITION DATE:** | | | |
| **CASE DISPOSITION:** | Pending | **CASE STATUS:** | Open |
| | | **STATUS DATE:** | 11/08/2021 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil B Rm 720 |

### PARTIES

| | |
|---|---|
| **Plaintiff** | **Attorney** 644480 |
| Michael Merullo on behalf of Himself and all others similary situated | Kevin John McCullough |
| | Mazow/McCullough, P.C. |
| Somerville, MA 02143 | Mazow/McCullough, P.C. |
| | 10 Derby Square 4th Floor |
| | Salem, MA 01970 |
| | Work Phone (978) 744-8000 |
| | Added Date: 11/08/2021 |
| | **Attorney** 681401 |
| | Michael C Forrest |
| | Forrest, Mazow, McCullough, YasiandYasi, PC |
| | Forrest, Mazow, McCullough, YasiandYasi, PC |
| | 2 Salem Green |
| | Suite 2 |
| | Salem, MA 01970 |
| | Work Phone (877) 599-8890 |
| | Added Date: 02/03/2022 |

---

| Defendant | Attorney | 557964 |
|---|---|---|
| Amica Mutual Insurance Company<br><br>Boston, MA 01208-1552 | Anthony J Antonellis<br>Sloane and Walsh, LLP<br>Sloane and Walsh, LLP<br>One Boston Place<br>201 Washington Street Suite 1600<br>Boston, MA 02108<br>Work Phone (617) 523-6010<br>Added Date: 03/17/2022 | |
| | **Private Counsel**<br>Christopher Michael Reilly<br>Sloane and Walsh LLP<br>Sloane and Walsh LLP<br>One Boston Place<br>201 Washington Street Suite 1600<br>Boston, MA 02108<br>Work Phone (617) 523-6010<br>Added Date: 03/17/2022 | **674041** |
| | **Private Counsel**<br>Mara Finkelstein<br>Sloane and Walsh, LLP<br>Sloane and Walsh, LLP<br>One Boston Place<br>201 Washington Street Suite 1600<br>Boston, MA 02108<br>Work Phone (617) 523-6010<br>Added Date: 03/17/2022 | **697166** |

### FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 11/08/2021 | Civil Filing Fee (per Plaintiff) | 240.00 | 240.00 | 0.00 | 0.00 |
| 11/08/2021 | Civil Surcharge (G.L. c. 262, § 4C) | 15.00 | 15.00 | 0.00 | 0.00 |
| 11/08/2021 | Civil Security Fee (G.L. c. 262, § 4A) | 20.00 | 20.00 | 0.00 | 0.00 |
| 11/08/2021 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b | 5.00 | 5.00 | 0.00 | 0.00 |
| | **Total** | **280.00** | **280.00** | **0.00** | **0.00** |

# COMMONWEALTH OF MASSACHUSETTS
## MIDDLESEX COUNTY
### Public Docket Report

### INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|---|---|---|---|
| 11/08/2021 | | Attorney appearance<br>On this date Kevin John McCullough, Esq. added for Plaintiff Michael Merullo | |
| 11/08/2021 | | Case assigned to:<br>DCM Track F - Fast Track was added on 11/08/2021 | |
| 11/08/2021 | 1 | Original civil complaint filed. | |
| 11/08/2021 | 2 | Civil action cover sheet filed. | |
| 11/08/2021 | | Demand for jury trial entered. | |
| 11/08/2021 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney:  Kevin John McCullough, Esq. kjm@helpinginjured.com | |
| 02/01/2022 | 3 | Plaintiff Michael Merullo on behalf of Himself and all others similary situated's EX PARTE Motion for an Enlargement of Time to Serve Defendant with Plaintiff's Complaint | |
| 02/03/2022 | | Attorney appearance<br>On this date Michael C Forrest, Esq. added for Plaintiff Michael Merullo on behalf of Himself and all others similary situated | |
| 02/09/2022 | | Endorsement on Motion to extend time for Service (#3.0): ALLOWED<br>No further continuances. Service to be effected no later than April 5, 2022<br><br>Judge: Sarrouf, Camille | Sarrouf |
| 02/09/2022 | | EDocument sent:<br>A Clerk's Notice (eDoc) was generated and sent to:<br>Plaintiff, Attorney:  Kevin John McCullough, Esq. kjm@helpinginjured.com<br>Plaintiff, Attorney:  Michael C Forrest, Esq. michael.forrest07@gmail.com<br>Defendant:  Amica Mutual Insurance Company, Boston, MA 01208-1552 | |
| 03/10/2022 | 4 | Amended: First amended complaint filed by Michael Merullo on behalf of Himself and all others similary situated | |
| 03/17/2022 | | Attorney appearance electronically filed. | |
| 03/17/2022 | | Attorney appearance electronically filed. | |
| 03/17/2022 | | Attorney appearance electronically filed. | |
| 03/17/2022 | | Attorney appearance<br>On this date Anthony J Antonellis, Esq. added for Defendant Amica Mutual Insurance Company | |
| 03/17/2022 | 5 | Defendant Amica Mutual Insurance Company's Notice of filing notice of removal. | |
| 03/17/2022 | | Attorney appearance<br>On this date Christopher Michael Reilly, Esq. added as Private Counsel for Defendant Amica Mutual Insurance Company | |
| 03/17/2022 | - | Attorney appearance<br>On this date Mara Finkelstein, Esq. added as Private Counsel for Defendant Amica Mutual Insurance Company | |

**MIDDLESEX, SS.**    *Commonwealth of Massachusetts*
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this Eighteenth day of March, 2022.

Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No. 2↑3728

MICHAEL MERULLO on behalf of
himself and all others similarly situated,

    Plaintiff,

    v.

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.

> FILED
> IN THE OFFICE OF THE
> CLERK OF COURTS
> FOR THE COUNTY OF MIDDLESEX
>
> NOV 0 8 2021
>
> _____
> CLERK

## PLAINTIFF'S COMPLAINT
## AND DEMAND FOR JURY TRIAL

    Plaintiff, Michael Merullo ("Merullo" or "Plaintiff"), hereby brings this action on behalf of himself and all others similarly situated against Defendant, Amica Mutual Insurance Company (hereafter "Amica" or "Defendant") to recover damages for himself and the Class, as defined herein, arising from Amica's willful, knowing, and unlawful practice of refusing (and failing) to tender amounts owed to third-party claimants in consideration for the diminution in value their automobiles suffered as a result of Amica's insured's negligence.

### THE PARTIES

1.  Plaintiff, Michael Merullo, is a resident of Sommerville, Massachusetts.

2.  Amica Mutual Insurance Company is a foreign corporation registered in the State of Rhode Island with a registered agent located in Boston, Massachusetts. Defendant, Amica Mutual Insurance Company, is an insurance company in the business of providing professional and personal insurance to consumers throughout Massachusetts.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Amica by virtue of its transactions, marketing, advertising, and/or conducting trade/business throughout the Commonwealth at all times relevant hereto.

4. Upon information and belief, this Court has jurisdiction over the claims contained herein as they relate to Merullo and the putative class because the claims for damages exceed fifty-thousand dollars ($50,000.00).

5. Venue in this matter is proper as Amica conducts business throughout Middlesex County Massachusetts, and further, because Merullo's underlying claim arose from property damage sustained to his vehicle in Cambridge, MA.

## FACTUAL ALLEGATIONS

6. On May 29, 2020, Merullo's 2020 ACURA RDX/AWD was involved in an accident involving an Amica insured ("Subject Collision").

7. The Subject Collision caused Merullo's Vehicle to sustain property damage.

8. At the time of the Subject Collision, Amica's insured was insured under a Massachusetts Standard Auto Policy, which included indemnity benefits available to pay for third-party property damage.

9. Merullo made a demand for payment to Amica in relation to his property damage claim for Inherent Diminution in Value ("IDV").

10. Merullo provided all information necessary for Amica to fully adjust his property damage claim.

11. Merullo submitted to Amica all information necessary for Amica to fully adjust Merullo's property damage claim, including evidence for the diminished value of his vehicle.

12. Amica determined that its insured was liable for the damage to Merullo's vehicle.

13. Merullo's car was appraised by his first party insurance carrier, Travelers Insurance.

14. Merullo cooperated with and complied with all requests made by Amica in connection with the claim.

15. Amica collected, retained, and stored all information necessary to fully adjust Merullo's property damage claim.

16. Amica refused to provide any consideration for the IDV Merullo's vehicle suffered as a result of the Subject Collision.

17. As a result of the Subject Collision, Merullo's Vehicle is now worth less than a comparable vehicle that has not suffered such damage from a collision.

18. Amica was required to tender/pay Merullo for all property damage to Merullo's Vehicle as a result of its insured's liability, including consideration for IDV.

19. Amica was required to tender/pay, on behalf of its insured, all sums the insured would become legally obligated to tender/pay as damages for destruction of property, including IDV, caused by the Subject Collision.

20. Massachusetts statutory and/or regulatory law required that Amica to tender/pay Merullo an equitable amount in consideration for the inherent diminished value his vehicle sustained as a result of the Seaver Subject Collision.

21. The Standard Massachusetts Automobile Policy ("Policy") requires that Amica tender/pay Merullo an equitable amount in consideration for the IDV his vehicle sustained as a result of the Subject Collision.

22. Massachusetts common-law requires that Amica tender/pay Merullo an equitable amount in consideration for the IDV his vehicle sustained as a result of the Subject Collision.

23. On June 8, 2020, Amica informed Merullo that it was refusing to provide him any consideration for the IDV his vehicle suffered.

## GENERAL FACTS

24. A vehicle that has been involved in a collision and has suffered damage (even if subsequently repaired) is worth less in the resale market than a comparable vehicle that has not suffered such damage, this is known as IDV or diminution in value.

25. IDV is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision, even assuming full repair.

26. IDV is a recoverable damage available for third-party claimants in Massachusetts.

27. Amica is required to pay Merullo damages for the IDV to his vehicle.

28. Amica purposefully concealed the IDV damage from Merullo.

29. Amica purposefully refused to pay Merullo an equitable amount in consideration for the IDV his vehicle sustained despite its reasonably clear liability to make payments for the same.

30. Amica violated Massachusetts law by failing to adjust Merullo's claim and refusing tender an equitable amount in consideration for the IDV to Merullo's vehicle.

31. Amica violated Massachusetts law by failing to investigate Merullo's claim, and thereafter, tender an equitable amount in consideration for the IDV to Merullo's vehicle.

32. Amica violated the terms of the Policy issued to its insured by failing to determine and tender an equitable amount in consideration for the IDV to Merullo's vehicle.

33. Amica's acts and omissions as outlined herein were committed willfully, knowingly, and/or in bad faith.

34. Upon information and belief, Amica has engaged in substantially similar violations of Massachusetts law as described herein with respect to numerous similarly situated third-party claimants.

35. Amica has engaged in substantially similar violations as described herein with respect to numerous similarly situated individuals.

36. Amica fails to pay/tender to third-party claimants' IDV damages even after it determines that its insured is liable for damages to the vehicle of the third-party claimant.

37. Merullo and other similarly situated individuals have been harmed and damaged by Amica's claims settlement practices as described herein, including but not limited to: not receiving consideration owed to third-party claimants for the IDV to their vehicles (with interest thereon).

## CLASS ALLEGATIONS

38. Merullo, on behalf of himself and others similarly situated, brings this action as a class action in accordance with Massachusetts Rule of Civil Procedure 23.

39. Merullo and the Class shall be defined as:

> All claimants who made a claim against Vermont Mutual under Part 4 of the Standard Massachusetts Automobile Policy in connection with damage to their motor vehicle resulting from a collision with a Vermont Mutual insured (or a Vermont Mutual insured vehicle), and wherein: (a) Vermont Mutual determined that its insured (or insured vehicle operator) was/were legally liable for the property damage loss to the claimant's automobile; (b) Vermont Mutual paid, either to the claimant, the repair shop and/or a subrogating insurer (or any other person or entity), the cost to repair the vehicle; and (c) Vermont Mutual has, as of yet, not resolved with said claimant a claim for IDV associated with the subject loss.

40. The members of the Class are so numerous that joinder of all members would be impracticable.

41. Upon information and belief, Amica has adjusted hundreds of third-party property damage claims wherein it failed/refused to provide consideration for the IDV the third-party claimant's vehicle suffered.

42. Merullo's claims are typical of the claims of other members of the Class, as all members of the Class have been similarly affected by Amica's similar failure to tender an equitable amount in consideration for IDV damages on the third-party claimant's property damage claims.

43. Merullo will fairly and adequately protect the interests of the Class and is represented by counsel experienced in complex class action litigation.

44. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class Members. Common questions of law and fact include:

    A. Whether Merullo and the Class are entitled to consideration for the IDV damages as part of their respective third-party claims;

    B. Whether Amica's failure to tender and/or pay consideration for the IDV damages on third-party claims constitutes a violation of Massachusetts statutory law, and if so whether such acts were committed willfully and/or knowingly;

    C. Whether Amica's failure to tender and/or pay consideration for the IDV damages to third-party property damage claimants violates its duties under Part 4 of the terms of the Standard Massachusetts Automobile Policies issued to its insureds;

    D. Whether Amica's failure to tender and/or pay an equitable amount in consideration for the IDV damages to third-party property damage claimants violates other Massachusetts Statutory and/or regulatory law;

    E. What is the applicable statute of limitations to be determined on any or all of the successful causes of action;

    F. Whether Amica should be permanently enjoined from continuing the practice which is the subject matter of this civil action; and

    G. Whether Merullo and/or the Class members are entitled to damages, and if so the proper measure of damages.

45. A class action is the superior method of adjudication of the subject claims.

46. The members of the Class are readily ascertainable, as Amica collects, maintains and stores all information related to third-party property damage claims.

47. A class action will cause an orderly and expeditious administration of the claims of the Class.

48. A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

## COUNT I
## BREACH OF CONTRACT

49. Merullo and the Class repeat and re-allege the allegations set forth above.

50. The insurance policies issued by Amica to its insureds, constitute an enforceable contract.

51. The insurance policies issued by Amica to its other insureds (against whom Class members made property-damage claims) constitute enforceable contracts.

52. Part 4 of the policies of insurance issued to insureds whom Merullo and Class members made property-damage claims required that Amica pay IDV damages in the event Amica's insured as deemed liable for the subject claim.

53. Amica's insurance policies included a promise to pay Merullo and Class Members amounts that a third-party claimant would be legally entitled to collect, when Amica's insureds are found to be liable.

54. Amica's insurance policies included a promise to pay Merullo and Class Members all amounts that a third-party claimant would be legally entitled to collect, which includes IDV damages, when Amica's insureds are found to be liable.

55. Merullo and Class Members are intended third-party beneficiaries of the insurance policies issued by Amica to its insureds (against whom Class members made property-damage claims).

56. Amica is required to pay consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds.

57. Amica did not pay equitable consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds.

58. Amica's failure to pay equitable consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds constituted breach(es) of contract.

59. Merullo and Class Members have suffered damages as a result of Amica's breach(es) of contract, including, but not necessarily limited to, all unpaid IDV damages, with interest thereon.

**WHEREFORE**, Merullo and Class Members respectfully request that this Court enter Judgment against Amica for its breach(es) of contract and award damages to adequately compensate Merullo and the Class.

## PRAYERS FOR RELIEF

**WHEREFORE**, Merullo, on behalf of himself and all others similarly situated, demands judgment against Amica as follows:

A. An order determining that this action is a proper class action and certifying Merullo as representative of the putative class;

B. An order appointing Merullo's counsel as competent legal representatives of the putative class in this action;

C. An order determining that the acts of Amica as described herein constituted breaches of contract;

D. An order awarding Merullo and the Class damages, together with interest, costs, and reasonable attorneys' fees;

E. An order determining the appropriate statute of limitations applicable to this action;

F. An order permanently enjoining Amica from continuing the unlawful practice which is the subject matter of this action;

G. An order awarding Merullo an appropriate stipend for acting as class representatives; and

H. An order awarding Merullo and the Class any further relief as may be just and appropriate.

8

## JURY DEMAND

Merullo, on behalf of himself and all others similarly situated, hereby demands trial by jury on

all counts of this Complaint, which are triable by a jury.

Respectfully submitted,
Plaintiff,
By his attorneys,


/s/ *Kevin J. McCullough*

DATED:  November 4, 2021

Kevin J. McCullough, Esq.
(BBO# 644480)
kmccullough@forrestlamothe.com
Michael C. Forrest, Esq.
(BBO# 681401)
mforrest@forrestlamothe.com
Forrest, Mazow, McCullough,
Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
617-231-7829

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 21-3728 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** MICHAEL MERULLO, on behalf of himself and all others similarly situated

**ADDRESS:**

**COUNTY** Middlesex

**DEFENDANT(S):** Amica Mutual Insurance Company

**ATTORNEY:** Michael C. Forrest, Esq.

**ADDRESS:** Forrest, Mazow, McCullough, Yasi & Yasi, P.C.

2 Salem Green, Suite 2

Salem, MA  01970

**BBO:** BBO #681401

**ADDRESS:**

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other Contract/Business Action | F | [X] YES   [ ] NO |

**\*If "Other" please describe:**  Putative Class Claims For Violations of Massachusetts Auto Policy and Statutory Law.

Is there a claim under G.L. c. 93A?
[ ] YES   [X] NO

Is this a class action under Mass. R. Civ. P. 23?
[X] YES   [ ] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................ $_____
2. Total doctor expenses .................................................................. $_____
3. Total chiropractic expenses .......................................................... $_____
4. Total physical therapy expenses ................................................... $_____
5. Total other expenses (describe below) .......................................... $_____
   Subtotal (A): $_____

B. Documented lost wages and compensation to date ......................... $_____
C. Documented property damages to date ......................................... $_____
D. Reasonably anticipated future medical and hospital expenses ......... $_____
E. Reasonably anticipated lost wages .............................................. $_____
F. Other documented items of damages (describe below) .................... $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$_____

IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

NOV-0-8-2021

CLERK

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

Provide a detailed description of claim(s):
Putative Class Claims For Violations of Massachusetts Auto Policy and Statutory Law resulting from Defendant's failure to pay inherent diminution in value damages.

TOTAL: $ 3,000,000.00

**Signature of Attorney/ Unrepresented Plaintiff: X**            Date:  11/4/21

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X**            Date:  11/4/21

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No. 2181-CV-03728

MICHAEL MERULLO on behalf of
himself and all others similarly situated,

    Plaintiff,

    v.

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.

**RECEIVED**

2/1/2022

## PLAINTIFF'S EX PARTE MOTION FOR AN ENLARGEMENT OF TIME TO SERVE DEFENDANT WITH PLAINTIFF'S COMPLAINT

Plaintiff, Michael Merullo ("Merullo" or "Plaintiff"), pursuant to Mass.R.Civ.P. 4 and Mass.R.Civ.P. 6, now moves this Honorable Court for an extension of time to serve Defendant, Amica Mutual Insurance Company with Plaintiff's Complaint.

Plaintiff requests an enlargement of time up to, and including, Tuesday, <u>April 5, 2022.</u> In support therefore, Plaintiff states:

1. On or about November 4, 2021, Plaintiff filed an Action against Defendant.

2. On January 31, 2022, Plaintiff sent the operative complaint, civil cover action sheet, and tracking order to the Suffolk County Sherriff's Office for service upon Defendant's registered agent.

3. Plaintiff has prepared and is serving Defendant with his M.G.L. c. 93A, § 9(3) Consumer Protection Act Demand.

4. Counsel for Defendant previously responded, on behalf of defendant, to Plaintiff's M.G.L. c. 176D and M.G.L. c. 90, § 34O demand.

1

5. While Counsel for the Defendant has not filed an appearance in the instant matter, counsel is aware of the pending action and the present filing.

6. Plaintiff intends to await Amica's M.G.L. c. 93A response, and address said response accordingly within this litigation.

7. Plaintiff respectfully requests that this Honorable Court provide a further enlargement of time for Plaintiff to formally serve Amica with the operative complaint until Tuesday, April 5, 2022.

13. This request is Plaintiff's first request for an extension of time.

14. Defendant is not prejudiced by this extension of time as it has been on notice of the claim since receipt of the Plaintiff's M.G.L. c. 176D and M.G.L. c. 90, § 34O demand.

15. Mass. R. Civ. P. 6(b) specifically provides for extensions of the time period within which to effect service. See, Commissioner of Revenue v. Carrigan, 45 Mass. App. Ct. 309, 312 (1998).

16. Where a plaintiff files a motion for enlargement before expiration of the original time period, the plaintiff need only show "good faith and lack of prejudice to the adverse party." J.W. Smith & H.B. Zobel, Rules Practice § 6.3 (2d ed. 2006).

17. Plaintiff's delay in serving Defendant through the sheriff's office has been made in good faith and has been the result of preparing Merullo's M.G.L. c. 93A, § 9(3) demand in light of Amica's response to Plaintiff's M.G.L. c. 176D and M.G.L. c. 90, § 34O demand.

18. There is no procedural advantage to serving the Defendant on or before Tuesday, April 5, 2022.

19. Defendant, Amica, responded (though counsel) to Plaintiff's M.G.L. c. 176D and M.G.L. c. 90, § 34O demand and as such, is aware of the claims.

2

WHEREFORE, Plaintiff respectfully requests that this Court enter and Order granting

Plaintiff an extension of time up to, and including, Tuesday, April 5, 2022, for Plaintiff to serve

Defendant with Plaintiff's operative complaint.

Respectfully Submitted:
Plaintiff, through Counsel,

/s/ *Michael C. Forrest*

---

Michael C. Forrest, Esq.
BBO #641801
Forrest, Mazow, McCullough,
Yasi & Yasi, P.C,
Salem Green, Suite 2
Salem, MA  01970
DATED:  February 1, 2022

5

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                       CA No. 2181-CV-003728

| | |
|---|---|
| MICHAEL MERULLO on behalf of ) <br> Himself and all others similarly situated, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMICA MUTUAL INSURANCE ) <br> COMPANY, ) <br> Defendant. ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446,

and 1453, Defendant Amica Mutual Insurance Company on March 17, 2022, did file a

Notice of Removal in United States District Court for the District of Massachusetts, a

copy of which is attached hereto as Exhibit A, and that said matter shall proceed

hereafter in the United States District Court for the District of Massachusetts.

For the Defendant,
AMICA MUTUAL INSURANCE COMPANY
By their attorneys,

/s/ Christopher M. Reilly

Anthony Antonellis, BBO# 557964
Christopher M. Reilly, BBO# 674041
Sloane and Walsh, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA 02108
Telephone: (617) 523-6010
Facsimile: (617) 227-0927
aantonellis@sloanewalsh.com
creilly@sloanewalsh.com

FW

Mara E. Finkelstein, BBO# 697166
Sloane and Walsh, LLP
148 Eastern Boulevard, Suite 105
Glastonbury, CT  06033
Tel: (860) 375-1877
Facsimile: (860) 430-6999
mfinkelstein@sloanewalsh.com

DATE: March 17, 2022

## **CERTIFICATE OF SERVICE**

I, Christopher M. Reilly, counsel for the defendant, hereby certify that on the 17th day of March 2022, a copy of the within document was sent via mail and email to the following counsel of record:

Kevin J. McCullough, Esq.
Michael C. Forrest, Esq.
Forrest, Mazow, McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
kmmcullough@forrestlamothe.com
mforrest@forrestlamothe.com

2362532.v1.

# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL MERULLO on behalf of | ) | |
| Himself and all others similarly situated, | ) | Civil No. 1:22-cv-10410 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMICA MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1441,

1446, and 1453, Defendant Amica Mutual Insurance Company ("Amica"), without waiving

any defenses, gives notice of removal of this action from the Middlesex County Superior

Court to the United States District Court for the District of Massachusetts.

### I.    PROCEDURAL HISTORY

Plaintiff Michael Merullo ("Plaintiff") filed the Complaint in the Middlesex County

Superior Court on November 8, 2021.  Plaintiff filed an *ex parte* Motion for Enlargement

of Time to Serve Defendant with Plaintiff's Complaint on February 1, 2022, which was

granted by Judge Sarrouf on February 9, 2022.  The Complaint was served on Amica on

February 18, 2022.

On March 7, 2022, Plaintiff filed his Amended Complaint alleging breach of

contract, violations of M.G.L c. 93A, § 2, violations of M.G.L c. 93A and M.G.L. c. 176D, §

3(9)(c), violations of M.G.L c. 93A and M.G.L. c. 176D, § 3(9)(d), violations of M.G.L c.

93A and M.G.L. c. 176D, § 3(9)(f), violations of M.G.L c. 93A and M.G.L. c. 176D, § 3(9)(n), and declaratory judgment.

## II.   **BACKGROUND**

This is an action where Plaintiff Michael Merullo alleges that Amica promised to pay Plaintiff and other putative class members inherent diminished value ("IDV") damages to their vehicles when Amica's insured's were found liable. Compl., ¶ 44. Plaintiff alleges that he, and other putative class members are third-party beneficiaries of the policies issued to Amica's insureds.  Compl., ¶ 65.  Plaintiff alleges that Amica did not pay IDV damages to Plaintiff or other putative class members in accordance with the terms of the policy of insurance.  Compl., ¶ 67-68. Plaintiff claims that Amica's failure to pay IDV damages constitutes a breach of contract.  Compl., ¶ 69.  Plaintiff alleges that as a result of Amica's breach of contract, he and other putative class members have suffered damages, including all unpaid IDV damages, with interest. Compl., ¶ 71. Plaintiff also claims that Amica's actions were committed willfully, knowingly and/or in bad faith and that Amica has business policy and practice of not issuing payment for IDV damages. ¶ 73, 80. As such, Plaintiff alleges, on behalf of himself and other similarly situated individuals, that Amica has violated M.G.L c. 93A § 2 (Count II), M.G.L. c. 176D, § 3(9)(c) (Count III), M.G.L. c. 176D, § 3(9)(d) (Count IV), M.G.L. c. 176D, § 3(9)(f) (Count V), M.G.L. c. 176D, § 3(9)(n) (Count VI). Plaintiff further seeks declaratory judgment that IDV damages are covered under Part 4 of the Standard Massachusetts Automobile policy. Compl., ¶ 131, 133.

2

### III.   **PROCEDURAL REQUIREMENTS**

Amica has timely filed this notice of removal pursuant to 28 U.S.C. § 1332.  This

action is properly removed under 28 U.S.C. § 1441(a), as the District of Massachusetts

embraces the Middlesex County Superior Court.  A copy of the Summons, Complaint and

Amended Complaint are attached as Exhibit 1.  In accordance with 28 U.S.C. § 1446,

Amica is serving a copy of this Notice of Removal on all parties and filing a copy of this

Notice of Removal is being filed with the Middlesex County Superior Court.  Additionally,

pursuant to Local Rule 81.1, Amica will request, and file, certified or attested copies of all

records and proceedings in the state court, and certified or attested copies of all docket

entries therein, within 28 days of filing this Notice of Removal.

### IV.   **THE COURT HAS JURISDICTION OVER THIS ACTION**

Under CAFA, the "district courts shall have original jurisdiction of any civil action

in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

interests and costs, and is a class action in which – (A) any member of a class of plaintiffs

is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Plaintiff

Michael Merullo brought this action pursuant to Massachusetts Rule of Civil Procedure 23,

on behalf of himself and other similarly situated individuals.  Accordingly, Plaintiff has

brought a class action in state court satisfying CAFA's statutory requirements.

#### A. **Diversity Jurisdiction**

Plaintiff  Michael  Merullo  alleges  in  the  complaint  that  he  is  a  resident  of

Sommerville, Massachusetts. Compl., ¶ 1. Amica is a Rhode Island corporation. Compl.,

2372900.v1

¶ 2.  Accordingly, Amica is a "citizen" of Rhode Island.  Thus, there is minimal diversity of citizenship as required under CAFA.

Mr. Merullo alleges that the class of similarly situated individuals who:

1.   Suffered a property damage loss as a result of a[n] Amica Insured or Amica Insured vehicle driver;

2.   Amica determined that its insured (or insured vehicle driver) was/were legally liable for the property damage loss to the claimant's automobile;

3.   Amica has already paid the third-party property damage claim, either to the claimant, the repair shop or the subrogating insurer (or another person or entity);

4.   The claimant vehicle suffered structural damage as a result of the collision, and/or the cost to repair the claimant vehicle was in an amount in excess of $500.00; and

5.   Amica has not paid said claimant IDV damages associated with the subject loss.

Excluded from the Class: All individuals who presently have a civil action pending against Amica regarding the subject dispute (excepting the Plaintiffs) or who possessed a leased vehicle at the time of the subject collision.

Compl., ¶ 47.   These Amica insureds are residents of Massachusetts and have a Massachusetts insurance policy with Amica.  As such, Plaintiff's proposed class requires interpretation of a Massachusetts policy of insurance issued to a Massachusetts insured.

None of the exceptions under § 1332(d)(4) apply.

## B. **Putative Class Exceeds 100**

Plaintiff has not provided information about the size of the putative class other than to allege that the members "are so numerous that joinder of all members would be

2372900.v1

impracticable." Id., at ¶ 48. Based on Plaintiff's proposed parameters, Amica reviewed the number of claims for property damage to a third-party motor vehicle in 2017-2021.[1] As noted in the chart below, the putative class well exceeds 100, as Amica had approximately 30,000 claims between 2017-2021, for property damage to a motor vehicle that did not result in a total loss to the third-party vehicle.

| Year | Number of Claims |
|------|------------------|
| 2017 | 9,812 |
| 2018 | 9,186 |
| 2019 | 8,570 |
| 2020[2] | 4,737 |
| 2021 | 4,913 |
| **Total** | **37,218** |

## C. Amount in Controversy

Pursuant to § 1332(d), the amount in controversy must exceed $5,000,000, exclusive of costs and interests. Upon information and belief, the estimated amount in controversy exceeds the threshold amount. Plaintiff did not state an exact amount of

---

[1]    Plaintiff has also not identified a temporal parameter for its class. However, Amica's insured, Rebecca Powell, was issued a 2016 version of the Massachusetts Standard Automobile Policy ("2016 Policy"), so for the purposes of determining the putative class members and the amount in controversy, without waiving its right to dispute the putative class, Amica looked to claims for property damage to a motor vehicle that did not result in a total loss in Massachusetts in 2017, 2018, 2019, 2020, and 2021, when claims would likely involve the same 2016 Policy.

[2]    As a result of the global pandemic, car usage was much lower in 2020 and 2021, resulting in a lower number of claims.

5

damages in the Complaint, but a removing party need only establish that there is a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount. Milford-Bennington R. Co., Inc. v. Pan Am Railways, Inc., 695 F.3d 175, 178-79 (1st Cir. 2012).

As noted in the chart above, there are 37,218 claims for property damage to a third-party motor vehicle in 2017-2021, which would require an average of $134.34 in unpaid IDV damages and interest per each putative class member to reach the $5,000,000 threshold. This is a relatively low number in individual damages, because IDV damages can range from a several hundred dollars to several thousand dollars depending on the damage to the vehicle in the collision. At the time of filing, Plaintiff alleged that the amount in controversy was $3,000,000, for the breach of contract claim alone.[3] Plaintiff has since amended the Complaint to allege violations of M.G.L. 93A, which allows for recovery of multiple damages and attorney's fees. As such, Plaintiff's estimate would now be much higher taking c. 93A damages and potential multiple damages. See Baker v. Equity Residential Mgmt., L.L.C., 996 F. Supp. 2d 1, 7 (D. Mass. February 12, 2014); see also Sierra v. Progressive Direct Ins. Co., 2012 U.S. Dist. LEXIS

---

[3]     Plaintiff's Civil Action Cover Sheet attached to the first complaint indicates that he is seeking $3,000,000.00 in damages on his behalf and on behalf of the proposed class. "The First Circuit has not spoken on whether or not the civil cover sheet may be considered, but there is an opinion in this District which holds that it can be." Baker v. Equity Residential Mgmt., L.L.C., 996 F. Supp. 2d 1, 5 (D. Mass. February 12, 2014) discussing Williams v. Litton Loan Servicing, 2011 U.S. Dist. LEXIS 90689, 2011 WL 3585528, at *6 (D. Mass. Aug. 15, 2011) ("[C]ivil action cover sheets may be considered in determining the amount in controversy." (Citation omitted)).

140864, 2012 WL 4572923 (D. Mass Sept. 28, 2012); Youtsey v. Avibank Mfg., Inc., 734

F. Supp. 2d 230, 238 (D. Mass. September 2, 2010).

Based on the foregoing, there is a reasonable probability that the amount in

controversy exceeds $5,000,000.  However, Amica maintains its right to dispute the

definition and parameters of the putative class and whether a putative class member's

automobile suffered inherent diminished value.


For the Defendant,
AMICA MUTUAL INSURANCE COMPANY
By their attorneys,

*/s/ Christopher M. Reilly*

Anthony Antonellis, BBO# 557964
Christopher M. Reilly, BBO# 674041
Sloane and Walsh, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA  02108
Telephone: (617) 523-6010
Facsimile: (617) 227-0927
aantonellis@sloanewalsh.com
creilly@sloanewalsh.com


Mara E. Finkelstein, BBO# 697166
Sloane and Walsh, LLP
148 Eastern Boulevard, Suite 105
Glastonbury, CT  06033
Tel: (860) 375-1877
Facsimile: (860) 430-6999
mfinkelstein@sloanewalsh.com

DATE: March 17, 2022

2372900.v1

## CERTIFICATE OF SERVICE

I, Christopher M. Reilly, Esq., do hereby certify that on this 17th day of March 2022, I caused the foregoing document to be filed via the ECF filing system copies of which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via email to those indicated as non-registered participants:

*Plaintiff's Counsel:*
Kevin J. McCullough, Esq., BBO# 644480
Michael C. Forrest, Esq.
Forrest, Mazow, McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA  01970
kmccullough@forrestlamothe.com
mforrest@forrestlamothe.com

*/s/ Christopher M. Reilly*
_____
Christopher M. Reilly

2372900.v1

# EXHIBIT 1

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. ___2181CV03728___

MICHAEL MERULLO, on behalf
of himself and all other similarly
situated——————————————, PLAINTIFF(S),

V.

Amica Mutual Insurance Company
——————————————, DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO ___Amica Mutual Insurance Company___ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the ___Middlesex Superior___ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, ___Middlesex Superior___ Court, ___200 Trade Center, Woburn, MA 01801___ (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: ___2 Salem, Green   Suite2 Salem, MA 01970___

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically request a jury trial** in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

À TRUE COPY ATTEST

2·18·22

DEPUTY SHERIFF

4.  **Legal Assistance.** You may wish to get legal help from a lawyer.  If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on February 9 , 20 22 .

_____
Michael A. Sullivan
Clerk-Magistrate

Note:  The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on_____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated:_____, 20____      Signature:_____

N.B.      TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

, 20____

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** MICHAEL MERULLO, on behalf of himself and all others similarly situated

**ADDRESS:**

**COUNTY** Middlesex

**DEFENDANT(S):** Amica Mutual Insurance Company

**ATTORNEY:** Michael C. Forrest, Esq.

**ADDRESS:** Forrest, Mazow, McCullough, Yasi & Yasi, P.C.

2 Salem Green, Suite 2

Salem, MA 01970

**BBO:** BBO #681401

**ADDRESS:**

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other Contract/Business Action | F | [X] YES   [ ] NO |

**"If "Other" please describe:** Putative Class Claims For Violations of Massachusetts Auto Policy and Statutory Law.

Is there a claim under G.L. c. 93A?  [ ] YES  [X] NO      Is this a class action under Mass. R. Civ. P. 23?  [X] YES  [ ] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................ $_____
2. Total doctor expenses ........................................................ $_____
3. Total chiropractic expenses ........................................................ $_____
4. Total physical therapy expenses ........................................................ $_____
5. Total other expenses (describe below) ........................................................ $_____
Subtotal (A): $_____

B. Documented lost wages and compensation to date ........................................................ $_____
C. Documented property damages to date ........................................................ $_____
D. Reasonably anticipated future medical and hospital expenses ........................................................ $_____
E. Reasonably anticipated lost wages ........................................................ $_____
F. Other documented items of damages (describe below) ........................................................ $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$_____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):
Putative Class Claims For Violations of Massachusetts Auto Policy and Statutory Law resulting from Defendant's failure to pay inherent diminution in value damages.

TOTAL: $ 3,000,000.00

**Signature of Attorney/ Unrepresented Plaintiff:** X          **Date:** 11/4/21

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X          **Date:** 11/4/21

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No.

MICHAEL MERULLO on behalf of
himself and all others similarly situated,

    Plaintiff,

    v.

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.

## PLAINTIFF'S COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Merullo ("Merullo" or "Plaintiff"), hereby brings this action on behalf of

himself and all others similarly situated against Defendant, Amica Mutual Insurance Company (hereafter

"Amica" or "Defendant") to recover damages for himself and the Class, as defined herein, arising from

Amica's willful, knowing, and unlawful practice of refusing (and failing) to tender amounts owed to

third-party claimants in consideration for the diminution in value their automobiles suffered as a result

of Amica's insured's negligence.

## THE PARTIES

1. Plaintiff, Michael Merullo, is a resident of Sommerville, Massachusetts.

2. Amica Mutual Insurance Company is a foreign corporation registered in the State of Rhode Island
   with a registered agent located in Boston, Massachusetts. Defendant, Amica Mutual Insurance
   Company, is an insurance company in the business of providing professional and personal insurance
   to consumers throughout Massachusetts.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Amica by virtue of its transactions, marketing, advertising, and/or conducting trade/business throughout the Commonwealth at all times relevant hereto.

4. Upon information and belief, this Court has jurisdiction over the claims contained herein as they relate to Merullo and the putative class because the claims for damages exceed fifty-thousand dollars ($50,000.00).

5. Venue in this matter is proper as Amica conducts business throughout Middlesex County Massachusetts, and further, because Merullo's underlying claim arose from property damage sustained to his vehicle in Cambridge, MA.

## FACTUAL ALLEGATIONS

6. On May 29, 2020, Merullo's 2020 ACURA RDX/AWD was involved in an accident involving an Amica insured ("Subject Collision").

7. The Subject Collision caused Merullo's Vehicle to sustain property damage.

8. At the time of the Subject Collision, Amica's insured was insured under a Massachusetts Standard Auto Policy, which included indemnity benefits available to pay for third-party property damage.

9. Merullo made a demand for payment to Amica in relation to his property damage claim for Inherent Diminution in Value ("IDV").

10. Merullo provided all information necessary for Amica to fully adjust his property damage claim.

11. Merullo submitted to Amica all information necessary for Amica to fully adjust Merullo's property damage claim, including evidence for the diminished value of his vehicle.

12. Amica determined that its insured was liable for the damage to Merullo's vehicle.

13. Merullo's car was appraised by his first party insurance carrier, Travelers Insurance.

14. Merullo cooperated with and complied with all requests made by Amica in connection with the claim.

15. Amica collected, retained, and stored all information necessary to fully adjust Merullo's property damage claim.

16. Amica refused to provide any consideration for the IDV Merullo's vehicle suffered as a result of the Subject Collision.

17. As a result of the Subject Collision, Merullo's Vehicle is now worth less than a comparable vehicle that has not suffered such damage from a collision.

18. Amica was required to tender/pay Merullo for all property damage to Merullo's Vehicle as a result of its insured's liability, including consideration for IDV.

19. Amica was required to tender/pay, on behalf of its insured, all sums the insured would become legally obligated to tender/pay as damages for destruction of property, including IDV, caused by the Subject Collision.

20. Massachusetts statutory and/or regulatory law required that Amica to tender/pay Merullo an equitable amount in consideration for the inherent diminished value his vehicle sustained as a result of the Seaver Subject Collision.

21. The Standard Massachusetts Automobile Policy ("Policy") requires that Amica tender/pay Merullo an equitable amount in consideration for the IDV his vehicle sustained as a result of the Subject Collision.

22. Massachusetts common-law requires that Amica tender/pay Merullo an equitable amount in consideration for the IDV his vehicle sustained as a result of the Subject Collision.

23. On June 8, 2020, Amica informed Merullo that it was refusing to provide him any consideration for the IDV his vehicle suffered.

3

## GENERAL FACTS

24. A vehicle that has been involved in a collision and has suffered damage (even if subsequently repaired) is worth less in the resale market than a comparable vehicle that has not suffered such damage, this is known as IDV or diminution in value.

25. IDV is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision, even assuming full repair.

26. IDV is a recoverable damage available for third-party claimants in Massachusetts.

27. Amica is required to pay Merullo damages for the IDV to his vehicle.

28. Amica purposefully concealed the IDV damage from Merullo.

29. Amica purposefully refused to pay Merullo an equitable amount in consideration for the IDV his vehicle sustained despite its reasonably clear liability to make payments for the same.

30. Amica violated Massachusetts law by failing to adjust Merullo's claim and refusing tender an equitable amount in consideration for the IDV to Merullo's vehicle.

31. Amica violated Massachusetts law by failing to investigate Merullo's claim, and thereafter, tender an equitable amount in consideration for the IDV to Merullo's vehicle.

32. Amica violated the terms of the Policy issued to its insured by failing to determine and tender an equitable amount in consideration for the IDV to Merullo's vehicle.

33. Amica's acts and omissions as outlined herein were committed willfully, knowingly, and/or in bad faith.

34. Upon information and belief, Amica has engaged in substantially similar violations of Massachusetts law as described herein with respect to numerous similarly situated third-party claimants.

35. Amica has engaged in substantially similar violations as described herein with respect to numerous similarly situated individuals.

4

36. Amica fails to pay/tender to third-party claimants' IDV damages even after it determines that its insured is liable for damages to the vehicle of the third-party claimant.

37. Merullo and other similarly situated individuals have been harmed and damaged by Amica's claims settlement practices as described herein, including but not limited to: not receiving consideration owed to third-party claimants for the IDV to their vehicles (with interest thereon).

## CLASS ALLEGATIONS

38. Merullo, on behalf of himself and others similarly situated, brings this action as a class action in accordance with Massachusetts Rule of Civil Procedure 23.

39. Merullo and the Class shall be defined as:

> All claimants who made a claim against Vermont Mutual under Part 4 of the Standard Massachusetts Automobile Policy in connection with damage to their motor vehicle resulting from a collision with a Vermont Mutual insured (or a Vermont Mutual insured vehicle), and wherein: (a) Vermont Mutual determined that its insured (or insured vehicle operator) was/were legally liable for the property damage loss to the claimant's automobile; (b) Vermont Mutual paid, either to the claimant, the repair shop and/or a subrogating insurer (or any other person or entity), the cost to repair the vehicle; and (c) Vermont Mutual has, as of yet, not resolved with said claimant a claim for IDV associated with the subject loss.

40. The members of the Class are so numerous that joinder of all members would be impracticable.

41. Upon information and belief, Amica has adjusted hundreds of third-party property damage claims wherein it failed/refused to provide consideration for the IDV the third-party claimant's vehicle suffered.

42. Merullo's claims are typical of the claims of other members of the Class, as all members of the Class have been similarly affected by Amica's similar failure to tender an equitable amount in consideration for IDV damages on the third-party claimant's property damage claims.

43. Merullo will fairly and adequately protect the interests of the Class and is represented by counsel experienced in complex class action litigation.

44. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class Members. Common questions of law and fact include:

    A. Whether Merullo and the Class are entitled to consideration for the IDV damages as part of their respective third-party claims;

    B. Whether Amica's failure to tender and/or pay consideration for the IDV damages on third-party claims constitutes a violation of Massachusetts statutory law, and if so whether such acts were committed willfully and/or knowingly;

    C. Whether Amica's failure to tender and/or pay consideration for the IDV damages to third-party property damage claimants violates its duties under Part 4 of the terms of the Standard Massachusetts Automobile Policies issued to its insureds;

    D. Whether Amica's failure to tender and/or pay an equitable amount in consideration for the IDV damages to third-party property damage claimants violates other Massachusetts Statutory and/or regulatory law;

    E. What is the applicable statute of limitations to be determined on any or all of the successful causes of action;

    F. Whether Amica should be permanently enjoined from continuing the practice which is the subject matter of this civil action; and

    G. Whether Merullo and/or the Class members are entitled to damages, and if so the proper measure of damages.

45. A class action is the superior method of adjudication of the subject claims.

46. The members of the Class are readily ascertainable, as Amica collects, maintains and stores all information related to third-party property damage claims.

47. A class action will cause an orderly and expeditious administration of the claims of the Class.

48. A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

## COUNT I
### BREACH OF CONTRACT

49. Merullo and the Class repeat and re-allege the allegations set forth above.

50. The insurance policies issued by Amica to its insureds, constitute an enforceable contract.

51. The insurance policies issued by Amica to its other insureds (against whom Class members made property-damage claims) constitute enforceable contracts.

52. Part 4 of the policies of insurance issued to insureds whom Merullo and Class members made property-damage claims required that Amica pay IDV damages in the event Amica's insured as deemed liable for the subject claim.

53. Amica's insurance policies included a promise to pay Merullo and Class Members amounts that a third-party claimant would be legally entitled to collect, when Amica's insureds are found to be liable.

54. Amica's insurance policies included a promise to pay Merullo and Class Members all amounts that a third-party claimant would be legally entitled to collect, which includes IDV damages, when Amica's insureds are found to be liable.

55. Merullo and Class Members are intended third-party beneficiaries of the insurance policies issued by Amica to its insureds (against whom Class members made property-damage claims).

56. Amica is required to pay consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds.

57. Amica did not pay equitable consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds.

7

58. Amica's failure to pay equitable consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds constituted breach(es) of contract.

59. Merullo and Class Members have suffered damages as a result of Amica's breach(es) of contract, including, but not necessarily limited to, all unpaid IDV damages, with interest thereon.

**WHEREFORE**, Merullo and Class Members respectfully request that this Court enter Judgment against Amica for its breach(es) of contract and award damages to adequately compensate Merullo and the Class.

## PRAYERS FOR RELIEF

**WHEREFORE**, Merullo, on behalf of himself and all others similarly situated, demands judgment against Amica as follows:

A. An order determining that this action is a proper class action and certifying Merullo as representative of the putative class;

B. An order appointing Merullo's counsel as competent legal representatives of the putative class in this action;

C. An order determining that the acts of Amica as described herein constituted breaches of contract;

D. An order awarding Merullo and the Class damages, together with interest, costs, and reasonable attorneys' fees;

E. An order determining the appropriate statute of limitations applicable to this action;

F. An order permanently enjoining Amica from continuing the unlawful practice which is the subject matter of this action;

G. An order awarding Merullo an appropriate stipend for acting as class representatives; and

H. An order awarding Merullo and the Class any further relief as may be just and appropriate.

8

## JURY DEMAND

Merullo, on behalf of himself and all others similarly situated, hereby demands trial by jury on

all counts of this Complaint, which are triable by a jury.

Respectfully submitted,
Plaintiff,
By his attorneys,


/s/ *Kevin J. McCullough*                             DATED:  November 4, 2021
_____
Kevin J. McCullough, Esq.
(BBO# 644480)
kmccullough@forrestlamothe.com
Michael C. Forrest, Esq.
(BBO# 681401)
mforrest@forrestlamothe.com
Forrest, Mazow, McCullough,
Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
617-231-7829

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2181CV03728 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Michael Merullo on behalf of Himself and all others similary situated vs. Amica Mutual Insurance Company | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|

| TO: Kevin John McCullough, Esq. Mazow/McCullough, P.C. 10 Derby Square 4th Floor Salem, MA 01970 | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/07/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 03/08/2022 | |
| All motions under MRCP 12, 19, and 20 | 03/08/2022 | 04/07/2022 | 05/09/2022 |
| All motions under MRCP 15 | 03/08/2022 | 04/07/2022 | 05/09/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 09/06/2022 | | |
| All motions under MRCP 56 | 10/04/2022 | 11/03/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/03/2023 |
| Case shall be resolved and judgment shall issue by | | | 11/08/2023 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 11/08/2021 | ASSISTANT CLERK Debra J Newman | PHONE (781)939-2748 |
|---|---|---|

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No. 2181-CV-003728

MICHAEL MERULLO on behalf of
himself and all others similarly situated,

     Plaintiff,

     v.

AMICA MUTUAL INSURANCE
COMPANY,

     Defendant.

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Merullo ("Merullo" or "Plaintiff"), hereby brings this action on behalf of himself and all others similarly situated against Defendant, Amica Mutual Insurance Company (hereafter "Amica" or "Defendant") to recover damages for himself and the Class, as defined herein, arising from Amica's willful, knowing, and unlawful practice of refusing (and failing) to tender amounts owed to third-party claimants in consideration for the diminution in value their automobiles suffered as a result of Amica's insured's negligence.

## THE PARTIES

1. Plaintiff, Michael Merullo, is a resident of Sommerville, Massachusetts.

2. Amica Mutual Insurance Company is a foreign corporation registered in the State of Rhode Island with a registered agent located in Boston, Massachusetts. Defendant, Amica Mutual Insurance Company, is an insurance company in the business of providing professional and personal insurance to consumers throughout Massachusetts.

## JURISDICTION AND VENUE

3.  This Court has personal jurisdiction over Amica by virtue of its transactions, marketing, advertising, and/or conducting trade/business throughout the Commonwealth at all times relevant hereto.

4.  Upon information and belief, this Court has jurisdiction over the claims contained herein as they relate to Merullo and the putative class because the claims for damages exceed fifty-thousand dollars ($50,000.00).

5.  Venue in this matter is proper as Amica conducts business throughout Middlesex County Massachusetts, and further, because Merullo's underlying claim arose from property damage sustained to his vehicle in Cambridge, MA.

## FACTUAL ALLEGATIONS

6.  On May 29, 2020, Merullo's 2020 ACURA RDX/AWD was involved in an accident involving an Amica insured ("Subject Collision").

7.  The Subject Collision caused Merullo's Vehicle to sustain property damage.

8.  At the time of the Subject Collision, Amica's insured was insured under a Massachusetts Standard Auto Policy, which included indemnity benefits available to pay for third-party property damage.

9.  Merullo made a demand for payment to Amica in relation to his property damage claim for Inherent Diminution in Value ("IDV").

10. Merullo provided all information necessary for Amica to fully adjust his property damage claim.

11. Merullo submitted to Amica all information necessary for Amica to fully adjust Merullo's property damage claim, including evidence for the diminished value of his vehicle.

12. Amica possessed all information necessary to adjust the IDV portion of Merullo's IDV claim.

13. Amica determined that its insured was liable for the damage to Merullo's vehicle.

14. Merullo's car was appraised by his first party insurance carrier, Travelers Insurance.

15. Merullo cooperated with and complied with all requests made by Amica in connection with the claim.

16. Amica collected, retained, and stored all information necessary to fully adjust Merullo's property damage claim.

17. Amica refused to adjust the IDV aspect of Merullo's property damage claim.

18. Amica refused to provide any consideration for the IDV Merullo's vehicle suffered as a result of the Subject Collision.

19. As a result of the Subject Collision, Merullo's Vehicle is now worth less than a comparable vehicle that has not suffered such damage from a collision.

20. Amica was required to tender/pay Merullo for all property damage to Merullo's Vehicle as a result of its insured's liability, including consideration for IDV.

21. Amica was required to tender/pay, on behalf of its insured, all sums the insured would become legally obligated to tender/pay as damages for destruction of property, including IDV, caused by the Subject Collision.

22. Massachusetts statutory and/or regulatory law required that Amica to tender/pay Merullo an equitable amount in consideration for the inherent diminished value his vehicle sustained as a result of the Seaver Subject Collision.

23. The Standard Massachusetts Automobile Policy ("Policy") requires that Amica tender/pay Merullo an equitable amount in consideration for the IDV his vehicle sustained as a result of the Subject Collision.

24. Massachusetts common-law requires that Amica tender/pay Merullo an equitable amount in consideration for the IDV his vehicle sustained as a result of the Subject Collision.

3

25. On June 8, 2020, Amica informed Merullo that it was refusing to provide him any consideration for the IDV his vehicle suffered.

26. On or about February 7, 2022, Merullo forwarded the requisite class-wide M.G.L. c. 93A demand to Amica demanding consideration for Merullo's and the Class Member's remaining IDV damages.

27. On or about February 25, 2022, Amica responded to Merullo's class-wide M.G.L. c. 93A, § 9(3) demand in an unreasonable manner.

28. On or about February 25, 2022, Amica responded to Merullo's class-wide M.G.L. c. 93A, § 9(3) contending that despite the McGilloway decision, IDV damages are not covered under Part 4 of the 2016 iteration Standard Massachusetts Automobile Policy.

29. Amica's M.G.L. c. 93A, § 9(3) demand response was unreasonable.

### GENERAL FACTS

30. A vehicle that has been involved in a collision and has suffered damage (even if subsequently repaired) is worth less in the resale market than a comparable vehicle that has not suffered such damage, this is known as IDV or diminution in value.

31. IDV is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision, even assuming full repair.

32. IDV is a recoverable damage available for third-party claimants in Massachusetts.

33. IDV is a recognized damage recoverable by third-party tort victims in Massachusetts.

34. The Massachusetts Supreme Court has recognized that Part 4 of the Standard Massachusetts Automobile Policy affords coverage for third-party IDV losses.

35. Amica is required to pay Merullo damages for the IDV to his vehicle.

36. Amica purposefully concealed the IDV damage from Merullo.

37. Amica purposefully refused to pay Merullo an equitable amount in consideration for the IDV his vehicle sustained despite its reasonably clear liability to make payments for the same.

38. Amica violated Massachusetts law by failing to adjust Merullo's claim and refusing tender an equitable amount in consideration for the IDV to Merullo's vehicle.

39. Amica violated Massachusetts law by failing to investigate Merullo's claim, and thereafter, tender an equitable amount in consideration for the IDV to Merullo's vehicle.

40. Amica violated the terms of the Policy issued to its insured by failing to determine and tender an equitable amount in consideration for the IDV to Merullo's vehicle.

41. Amica's acts and omissions as outlined herein were committed willfully, knowingly, and/or in bad faith.

42. Upon information and belief, Amica has engaged in substantially similar violations of Massachusetts law as described herein with respect to numerous similarly situated third-party claimants.

43. Amica has engaged in substantially similar violations as described herein with respect to numerous similarly situated individuals.

44. Amica fails to pay/tender to third-party claimants' IDV damages even after it determines that its insured is liable for damages to the vehicle of the third-party claimant.

45. Merullo and other similarly situated individuals have been harmed and damaged by Amica's claims settlement practices as described herein, including but not limited to not receiving consideration owed to third-party claimants for the IDV to their vehicles (with interest thereon).

## CLASS ALLEGATIONS

46. Merullo, on behalf of himself and others similarly situated, brings this action as a class action in accordance with Massachusetts Rule of Civil Procedure 23 and M.G.L. c. 93A.

47. Merullo and the Class shall be defined as:

5

All individual claimants who:

1. Suffered a property damage loss as a result of a Amica Insured or Amica Insured vehicle driver;

2. Amica determined that its insured (or insured vehicle driver) was/were legally liable for the property damage loss to the claimant's automobile;

3. Amica has already paid the third-party property damage claim, either to the claimant, the repair shop or subrogating insurer (or other person or entity);

4. The claimant vehicle suffered structural damage as a result of the collision, and/or the cost to repair the claimant vehicle was in an amount in excess of $500.00; and

5. Amica has not paid said claimant IDV damages associated with the subject loss.

Excluded from the Class: All individuals who presently have a civil action pending against Amica regarding the subject dispute (excepting the Plaintiffs) or who possessed a leased vehicle at the time of the subject collision.

48. The members of the Class are so numerous that joinder of all members would be impracticable.

49. Upon information and belief, Amica has adjusted hundreds of third-party property damage claims wherein it failed/refused to provide consideration for the IDV the third-party claimant's vehicle suffered.

50. Merullo's claims are typical of the claims of other members of the Class, as all members of the Class have been similarly affected by Amica's similar failure to tender an equitable amount in consideration for IDV damages on the third-party claimant's property damage claims.

51. Merullo will fairly and adequately protect the interests of the Class and is represented by counsel experienced in complex class action litigation.

52. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class Members. Common questions of law and fact include:

A. Whether Merullo and the Class are entitled to consideration for the IDV damages as part of their respective third-party claims;

6

B. Whether Amica's failure to tender and/or pay consideration for the IDV damages on third-party claims constitutes a violation of Massachusetts statutory law, and if so whether such acts were committed willfully and/or knowingly;

C. Whether Amica's failure to tender and/or pay consideration for the IDV damages to third-party property damage claimants violates its duties under Part 4 of the terms of the Standard Massachusetts Automobile Policies issued to its insureds;

D. Whether Amica's failure to tender and/or pay an equitable amount in consideration for the IDV damages to third-party property damage claimants violates other Massachusetts Statutory and/or regulatory law;

E. Whether Amica's failure to tender and/or pay an equitable amount in consideration for the IDV damages to third-party property damage claimants violates M.G.L. c. 93A, § 2; and/or M.G.L. c. 176D, et seq.

F. What is the applicable statute of limitations to be determined on any or all of the successful causes of action;

G. Whether Amica should be permanently enjoined from continuing the practice which is the subject matter of this civil action; and

H. Whether Merullo and/or the Class members are entitled to damages, and if so the proper measure of damages.

53. A class action is the superior method of adjudication of the subject claims.

54. The members of the Class are readily ascertainable, as Amica collects, maintains and stores all information related to third-party property damage claims.

55. A class action will cause an orderly and expeditious administration of the claims of the Class.

7

56. A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

## COUNT I
## BREACH OF CONTRACT

57. Merullo and the Class repeat and re-allege the allegations set forth above.

58. The insurance policies issued by Amica to its insureds, constitute an enforceable contract.

59. The insurance policies issued by Amica to its other insureds (against whom Class members made property-damage claims) constitute enforceable contracts.

60. Part 4 of the policies of insurance issued to insureds whom Merullo and Class members made property-damage claims required that Amica pay IDV damages in the event Amica's insured as deemed liable for the subject claim.

61. Amica's insurance policies included a promise to pay Merullo and Class Members amounts that a third-party claimant would be legally entitled to collect, when Amica's insureds are found to be liable.

62. IDV damages are a damage that Merullo and other Class Members were legally entitled to collect from Amica, when Amica's insureds were found to be liable for the subject collisions.

63. Amica's insurance policies included a promise to pay Merullo and Class Members all amounts that a third-party claimant would be legally entitled to collect, which includes IDV damages, when Amica's insureds are found to be liable.

64. Amica accepted its liability to make payments under Part 4 of its insured contracts by making partial payments under the same provision to Merullo and Class Members.

65. Amica has only provided partial performance under Part 4 of the terms of its standard Massachusetts Automobile Policy to Merullo and Class Members.

66. Merullo and Class Members are intended third-party beneficiaries of the insurance policies issued by Amica to its insureds (against whom Class members made property-damage claims).

67. Amica is/was required to pay consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds.

68. Amica did not pay equitable consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds.

69. Amica's refusal to provide complete performance constitutes a breach of contract.

70. Amica's failure to pay equitable consideration for the IDV damages to Merullo and Class Members in accordance with the terms of the policies issued to its insureds constituted breach(es) of contract.

71. Merullo and Class Members have suffered damages as a result of Amica's breach(es) of contract, including, but not necessarily limited to, all unpaid IDV damages, with interest thereon.

**WHEREFORE,** Merullo and Class Members respectfully request that this Court enter Judgment against Amica for its breach(es) of contract and award damages to adequately compensate Merullo and the Class.

## COUNT II
## VIOLATIONS OF M.G.L. c. 93A, § 2

72. Merullo repeats and re-allege the allegations set forth above.

73. Merullo alleges that the acts and omissions of Amica, as set forth herein, were committed willfully, knowingly and/or in bad faith.

74. Amica was required to pay Merullo damages for the inherent diminution in value to his vehicle as a result of the subject collision.

75. Amica purposefully concealed the inherent diminution in value damage from Merullo.

76. Amica purposefully refused to pay Merullo inherent diminution in value despite its reasonably clear liability to make payments for the same under Part 4 of its insured policies.

9

77. Amica failed to tender/pay Merullo the inherent diminution in value his vehicle suffered.

78. Amica has acted in a similar manner with respect to numerous other Class Members.

79. Amica failed to tender/pay other Class Members for inherent diminution in value to their vehicles.

80. Amica has a business policy and practice of not mentioning this component of damages to third party claimants when adjusting third-party property damage claims.

81. Failing to adjust inherent diminution in value damages to third-party damage claimants, as set forth herein, is an unfair and deceptive practice.

82. Failing to tender inherent diminution in value damages to third-party damage claimants, as set forth herein, is an unfair and deceptive practice.

83. Failing to adjust inherent diminution in value damages to third-party damage claimants, in accordance with the requirements of the standard auto policy is an unfair and deceptive practice.

84. Failing to tender inherent diminution in value damages to third-party damage claimants, in accordance with the requirements of the standard auto policy is an unfair and deceptive practice.

85. As a result of Amica's failure to determine, and tender, diminution in value damages in connection with their third-party property damage claims, Merullo and Class Members have been damaged.

86. As a result of Amica's failure to determine, and tender, inherent diminution in value damages in connection with their third-party property damage claims, Merullo and Class Members have suffered damages, including but not limited to, the unpaid inherent diminution in value of their vehicles, with interest thereon.

**WHEREFORE**, Merullo respectfully requests that this Court enter Judgment against Amica for its violations of M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

<u>**COUNT III**</u>
<u>**VIOLATIONS OF M.G.L. C. 93A**</u>
**(FOR VIOLATIONS OF M.G.L. c. 176D, § 3(9)(C))**

87. Merullo repeats and re-allege the allegations set forth above.

88. Pursuant to M.G.L. c. 176D, § 3(9)(c), Amica was required, *inter alia*, to adopt and implement reasonable standards for the prompt investigation of claims arising under its insurance policies.

89. Amica failed to adopt and implement reasonable standards for the prompt investigation of all aspects of third-party property damages claims, including but not limited, assessing Merullo and Class Member's respective inherent diminution in value damage.

90. By failing to adopt and implement reasonable standards for the prompt investigation of all aspects of Merullo's property damage claim, including the inherent diminution in value of his vehicle, Amica failed to tender/pay other Merullo the inherent diminution in value of his vehicle had suffered.

91. By failing to adopt and implement reasonable standards for the prompt investigation of all aspects of other Class Member's respective property damage claims, including the inherent diminution in value of their vehicles, Amica failed to tender/pay other Class Members the inherent diminution in value their vehicles had suffered.

92. Amica's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(c).

93. A violation of M.G.L. c. 176D, § 3(9)(c) is a violation of M.G.L. c. 93A, § 2.

94. Amica's acts and practices as described herein were committed willfully, knowingly and/or in bad faith.

95. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have been damaged.

96. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have suffered damages, including but not limited to, the unpaid inherent diminution in value of their vehicles, with interest thereon.

**WHEREFORE**, Merullo respectfully requests that this Court enter Judgment against Amica for its violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

## COUNT IV
## VIOLATIONS OF M.G.L. c. 93A
## (For Violations of M.G.L. c. 176D, § 3(9)(d))

97. Merullo repeats and re-allege the allegations set forth above.

98. Merullo alleges that the acts and omissions of Amica, as set forth herein, were committed willfully, knowingly and/or in bad faith.

99. Pursuant to M.G.L. c. 176D, § 3(9)(d), Amica was not permitted to, *inter alia*, fail and/or refuse to pay a claim without conducting a reasonable investigation based upon all available information.

100. Pursuant to M.G.L. c. 176D, § 3(9)(d), Amica was not permitted to, *inter alia*, fail and/or refuse to pay Merullo and Class Members third-party property damage claims, including inherent diminution in value damages, without conducting a reasonable investigation based upon all available information.

101. Amica did not conduct a reasonable investigation based upon all available information with respect to Merullo's inherent diminution in value damages before refusing and failing to pay the inherent diminution in value damages with respect to his third-party property damage claim.

102. Amica did not conduct a reasonable investigation based upon all available information with respect to Class Member's respective inherent diminution in value damages before refusing and failing to pay the inherent diminution in value damages with respect to their third-party property damage claims.

103. Amica's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(d).

104. A violation of M.G.L. c. 176D, § 3(9)(d) is a violation of M.G.L. c. 93A, § 2.

105. Amica's acts and practices as described herein were committed willfully, knowingly and/or in bad faith.

106. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have been damaged.

107. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have suffered damages, including but not limited to, the unpaid inherent diminution in value of their vehicles, with interest thereon.

**WHEREFORE**, Merullo respectfully requests that this Court enter Judgment against Amica for its violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

<u>**COUNT V**</u>
<u>**VIOLATIONS OF M.G.L. c. 93A**</u>
<u>**(For Violations of M.G.L. c. 176D, § 3(9)(f)).**</u>

108. Merullo repeats and re-allege the allegations set forth above.

109. Merullo alleges that the acts and omissions of Amica, as set forth herein, were committed willfully, knowingly, and/or in bad faith.

110. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision and repair.

13

111. Amica's liability to pay Merullo and Class Members inherent diminution in value damages as part of their respective third-party property damage claims was reasonably clear.

112. M.G.L. c. 176D, § 3(9)(f) mandates that an insurance company must effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

113. Amica failed to effectuate a prompt, fair, and equitable settlement of inherent diminution in value damages for Merullo's claim, in which liability was reasonably clear.

114. Amica failed to effectuate a prompt, fair, and equitable settlement of inherent diminution in value damages for Class Member's claims, in which liability was reasonably clear.

115. Amica's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(f).

116. A violation of M.G.L. c. 176D, § 3(9)(f) is a violation of M.G.L. c. 93A, § 2.

117. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have been damaged.

118. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have suffered damages, including but not limited to, the unpaid inherent diminution in value of their vehicles, with interest thereon.

WHEREFORE, Merullo respectfully requests that this Court enter Judgment against Amica for its violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

## COUNT VI
## VIOLATIONS OF M.G.L. c. 93A
## (For Violations of M.G.L. c. 176D, § 3(9)(n))

119. Merullo repeats and re-allege the allegations set forth above.

120. Merullo alleges that the acts and omissions of Amica, as set forth herein, were committed willfully, knowingly and/or in bad faith.

14

121. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision and repair.

122. Amica's liability to pay Merullo and Class Members inherent diminution in value damages as part of their respective third-party property damage claims was reasonably clear.

123. M.G.L. c. 176D, § 3(9)(n) states that it is an unfair claim settlement practice to fail "to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement."

124. Amica refused and/or failed to offer Merullo inherent diminution in value damages in connection with his third-party property damage claim without providing any explanation for the basis in the insurance policy in relation to the facts or applicable law for its offer of a compromised settlement.

125. Amica refused and/or failed to offer Class Members inherent diminution in value damages in connection with their third-party property damage claims without providing any explanation for the basis in the insurance policy in relation to the facts or applicable law for its offer of a compromised settlement.

126. Amica's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(n).

127. A violation of M.G.L. c. 176D, § 3(9)(n) is a violation of M.G.L. c. 93A, § 2.

128. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have been damaged.

129. As a result of Amica's violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A, § 2 (as set forth herein), Merullo and Class Members have suffered damages, including but not limited to, the unpaid inherent diminution in value of their vehicles, with interest thereon.

**WHEREFORE,** Merullo respectfully requests that this Court enter Judgment against Amica for its violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

**COUNT VII**
**DECLARATORY JUDGMENT**

130. Merullo and the Class repeat and re-allege the allegations set forth above.

131. There exists an actual controversy as to whether Amica, pursuant to Massachusetts statutory, common law, and/or under the terms of its insurance policies, is required to include an equitable amount in consideration for the inherent diminished value damages when it tenders and/or pays third-party property damage claims under Part 4 of the Standard Massachusetts Automobile policy.

132. Merullo and the Class are entitled to a declaration as to what monies Amica is required to pay third-party claimants when its insured has been determined to be liable for the associated third-party property damage.

133. Merullo and the Class are entitled to a declaration that all inherent diminished value damages should be, and are required to be, paid and/or tendered to third-party claimants when Amica's insured has been determined to be liable for the associated third-party property damage.

**WHEREFORE,** Merullo and Class Members demand that this Honorable Court declare that Massachusetts law and the applicable provisions of the policies of insurance issued to its insureds required that Amica include in any and all tenders and/or payments to third-party claimants an equitable amount in consideration for the inherent diminished value damages as set forth herein.

**PRAYERS FOR RELIEF**

**WHEREFORE,** Merullo, on behalf of himself and all others similarly situated, demands judgment against Amica as follows:

16

A. An order determining that this action is a proper class action and certifying Merullo as representative of the putative class;

B. An order appointing Merullo's counsel as legal representatives of the putative class in this action;

C. An order determining that the acts of Amica as described herein constituted breaches of contract;

D. An order determining that the acts of Amica as described herein constituted violations of M.G.L. c. 93A, § 2 and M.G.L. c. 176D, et seq. with resulting injury.

E. An order awarding Merullo and the Class damages, together with interest, costs, and reasonable attorneys' fees;

F. An order determining the appropriate statute of limitations applicable to this action;

G. An order permanently enjoining Amica from continuing the unlawful practice which is the subject matter of this action;

H. An order awarding Merullo an appropriate stipend for acting as class representative; and

I. An order awarding Merullo and the Class any further relief as may be just and appropriate.

## JURY DEMAND

Merullo, on behalf of himself and all others similarly situated, hereby demands trial by jury on all counts of this Complaint, which are triable by a jury.

Respectfully submitted,
Plaintiff, by his attorneys,

/s/ *Kevin J. McCullough*                              DATED:  March 7, 2022
_____
Kevin J. McCullough, Esq.  (BBO# 644480)
kmccullough@forrestlamothe.com
Michael C. Forrest, Esq. (BBO# 681401)
mforrest@forrestlamothe.com
Forrest, Mazow, McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
617-231-7829

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Michael Merullo, on behalf of himself and all other similarly situated

**(b)** County of Residence of First Listed Plaintiff   Middlesex County, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Forrest, Mazow, McCullough, Yasi & Yasi
2 Salem Green, Suite 2, Salem MA 01970
(617) 231-7829

**DEFENDANTS**

Amica Mutual Insurance Company

County of Residence of First Listed Defendant   Providence County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Sloane and Walsh, LLP
201 Washinton Street, Suite 1600, Boston, MA, 02108
(617) 523-6010

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                  Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453

Brief description of cause:
Putative class action based on breach of contract, declaratory judgment and for violations of c. 93A

**VII. REQUESTED IN COMPLAINT:**   ☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   3/17/2022

SIGNATURE OF ATTORNEY OF RECORD   Christopher Reilly

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Michael Merullo on behalf of himself and others similarly situated v. Amica Mutual Insurance Company

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ] I.   160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   [✔] II.  110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   [ ] III. 120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [✔]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [✔]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [✔]

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✔]    NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [✔]    Central Division [ ]    Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [✔]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Christopher Reilly

ADDRESS One Boston Place, 201 Washington Street, Suite 1600, Boston, MA 02108

TELEPHONE NO. 617-523-6010

(CategoryForm11-2020.wpd )